Ruffin, Judge.
 

 — This cause now comes on, upon
 
 &
 
 potion of She Plaintiff for further directions j and he claims the assistance of the Court, upon the ground, that, as the contract for the purchase of the land, being by pa-rol, cannot be executed, the payments made by bint ought to be decreed back. The question of jurisdiction lias been much debated at the bar. in general H may bo as* sumed, with certainty, as the rule, that Equity does not entertain a bill in the alternative, upon a parol contract for the sale of land j that is to say, to have a convey anee, of the land, or the payment of the money back. Because as far as concerns the land, the contract is merely void; ami the money can be recovered at law, as money had and received. There have been some cases, in which a decree for the repayment of the money has been made in this Court, upon a bill for specific performance. But they turned on their Qwn circumstances j as in
 
 Phelps
 
 
 *400
 

 v. Thomson,
 
 (1
 
 John. C. Rep. 132,)
 
 where ii was clear, that relief at law would be inadequate ; and in
 
 Clinan
 
 v.
 
 Cook
 
 (1
 
 Sch.
 
 &
 
 Lef.
 
 43) where ¡here was a particular agreement to return the fifty guineas, if the main contract could not he performed. But. it is unnecessary to consider the cases further; because this point in the-present case rests on very special grounds also. The Plaintiff might not be able
 
 to
 
 get at Jaw that very tiling, to which alone he has the right. He contends, indeed, that he ought to'recover in money the nominal sum, which he gave for the laud. But as he gave ..that in a bond on
 
 Stanton & Peel,
 
 he may not be entitled to the money, unless the Defendant has collected it, or failed to collect it by his own fault. If no
 
 laches
 
 could be imputed to die Defendant, the Plaintiff would be limited to the bond only. It may be said, that it could be recovered in
 
 trovar.
 
 So it could, if it had been merely delivered over to the Defendant by the Plaintiff. But in the present case, it came to the Defendant by the endorsement of
 
 Horn,
 
 the Plaintiff’s guardian, to whom it was payable. The legal title of the bond is therefore in the Defendant, and at law the Plaintiff could not recover it. Indeed it appears, by Due of the exhibits, that tbe debt was put into suit, in the name of the. Defendant, against
 
 Stanton
 
 & Peel, and lias ripened into judgment. The jurisdiction in this paiv ticular case may be sustained on this clear-ground, without reference to the doubt at law at the time the bill was fih-d, and the supervening bar of the statute of limitations, upon which I wNh to give no opinion.
 

 The next and important enquiry is, what is the extent of the relief which the Plaintiff can have ? The rase is, that the Plaintiff being entitled to tbe sum of about
 
 0TOO
 
 from
 
 Horn,
 
 the guardian of his wife and her brother, a-grred to give it to the Defendant for a tract of land.—
 
 'Horn
 
 had invested that sum and about g400 more, in the bond of
 
 Stanton
 
 &
 
 Peel,
 
 for gll®0 payable to himself as
 
 *401
 
 gnaedirn. After some trea'y ¿hout dividing ‘fee bond, it v.
 
 m
 
 finally agreed, that
 
 Horn
 
 should endorse i fee w hole bond •« ■,?;«* Defendant,
 
 m
 
 the price of the íaud, and ?r«.-ir-anty a!! above 1l>e S’kiRiiJfo own chare, This vers «lone; ami the Plaintiff gave hia bond, wife the Defendant as his safety, to
 
 Horn,
 
 for §424
 
 79
 
 the difference ' 1>«-tween bis portion awl the amount of
 
 Stanton
 
 &
 
 Peel’r
 
 bond, The Plaintiff entered upon die I And, ami the Defendant brought suit against
 
 Stanton
 
 &
 
 Peel,
 
 am! ree<w vered judgment; but has received no money from them, as it tinned out that they were insolvent at the time of die contract bet vs eon :heco parties. It fees fc-"en much disputed ;:í irt bar, wi.ettws d was received by tf'.e Defendant, in absolute pavtne.tt for the iand, or as a payment if it should be collected. We do ¡¡of, cousider-i< wortii our while to determine- that, because the decree, is upon another reason. We would not however help by forced construction to take a man’s laud away, without bis receiving any thing for it, \shen tie gave ¡such.-strong evidence of lii.s determination to have good security, as retaining the title. The evidence on this point Is, at best, not clear for the Plaintiff. But admitting thar the contract was, as the Plaint iff says, where is the ingredient of equity against the Defendant, to make die bond gooch Dr what is the Plaintiff's equity to any thing more than restoration to that winch fee parted from ? The. Court has declared the centrart, as sueh, void. The patties are therefore remitted to their original rights, if is said, that the Plaintiff is entitled to get back what ho los!. This was his wife’s portion. Ots the other band, I think the Defendant is to pay back-ouiy what he gained. It is his gain, and not the Plaintiff’s loss, which must regulate our decree. If not, this is not a case of restitutions, contract or trust, but of damages. But if the Plaintiff’s loss is to be tlie measure, what part of it is awing
 
 to the
 
 Defendant. It is admitted ail around, that the obligors were bankrupt, while the bond was in
 
 Hern's
 
 
 *402
 
 bands.
 
 Horn
 
 only guarantied the surplus above Plain' tiff’s'portion. lie was not bound to do so, if that bond was bis ward’s’property, and be acted
 
 bona Jidc.~~
 
 Then the loss was incurred before the Defendant had any thing to do with the paper, and not by his fault, if
 
 Horn
 
 had not acted faithfully, then the Plaintiff has a redress against him yet. The Defendant has none. The plain rule of right is, that the parties should be
 
 in statu qxio.
 
 As the Defendant did not receive money from him, nor collect it out of his effects, the Plaintiff can ask only for his bond back. The Defendant must therefore assign to the Plaintiff, without liability, the judgment against
 
 Stanton
 
 & Feel.
 

 As for the other dealings between the parties consequent upon the contract, they appear to be these: that the Defendant brought an action of ejectment against the Plaintiff, in which he recovered the land ; end then recovered also the sum of g200 for mesne profits, in September, 1827: that be likewise sued
 
 Horn
 
 on bis guarantee of the surplus of the bond of
 
 Stanton
 
 &
 
 Feel
 
 over gfOO and recovered §688 63, including interest, in September 1828 : that the Plaintiff had found means to get in from
 
 Horn’s
 
 executor his bond for S424 79, in which the Defendant was surety$ and that he has caused the same to be put in suit, in the name of
 
 Henry Horn,
 
 as executor of
 
 Jacob.
 
 Upon these facts, the plain equity is, that the last mentioned suit on the bond should be perpetually enjoined ,* and that after deducting the §200 re.» eovered for mesne profits, with interest thereon, from the said sum of §638 63, the residue of this latter sum be paid into Court by the Defendant for the use of the Plaintiff, and that the Defendant acknowledge satisfaction of his judgment at law against the Plaintiff. As the Defendant offered to transfer to the Plaintiff the judgment against
 
 Stanton
 
 &
 
 Feel,
 
 and also that against
 
 Jacob Horn’s
 
 executor, the Plaintiff must pay the costs of this suit, to ha taxed, by the
 
 Clerk;
 
 for which execution may be
 
 *403
 
 'tisued, or the satne.deducted out of any motmy, wbidi may come into the office for the Plaitiíifí Iss this cause.
 

 Per Curiam.
 

 - Decree accordingly.