Gaston, Judge,
after stating the facts as above, proceed *10 ed: — It is objected on the part of the defendants that by our act of 1819 all parol contracts to convey land are void, and 110 Part performance can, in this State, take a parol contract out of the operation of that statute. We admit this objection to be well founded, and we hold as a consequence from it that the contract being void, not only its specific performance cannot be enforced, but that no action will lie in law or equity for damages because of non-performance. But we are nevertheless of opinion that the plaintiff has an equity which entitles him to relief, and that parol evidence is admissible for the purpose of shewing that equity. The plaintiff’s labour and money have been expended on improving property which the ancestor of the defendants encouraged him to expect should become his own, and by the act of God, or by the caprice of the defendants, this expectation has been frustrated. The consequence is a loss to him and a gain to them. — It is against conscience that they should be enriched by gains thus acquired to his injury. (Baker and Wife v. Carson, 1 Dev, and Bat. Eq. Rep. 381.) If they repudiate the contract, which they have a right to do, they must not take the improved property from the plaintiff without compensation for the additional value which these improvements have conferred upon the property.
The Court therefore directs that it be referred to the Clerk of this court, to enquire and report what is the additional value conferred on the land in question by the improvements of the plaintiff, and that he state an account between the parties, charging the plaintiff with a fair rent since the death of Andrew Griffin, and crediting him with what has been advanced towards payment for said land, and with the amount of the additional value so conferred upon it.
Per Curiam. Decree accordingly.