Nash, J.
 

 The object of the bill is two fold — either to compel the defendants to convey the land to the plaintiff, or that a decree for an account may be made of the value of the plaintiff’s improvements, and for the money paid by him, and the land be held as security for such sum as may be decreed. We do not think the plaintiff entitled to either relief. The ground upon which he seeks the former is, that of part performance
 
 of a
 
 parol contract. He alleges he has paid part of the purchase money, and been put into possession by the defendant ■Moore. In his bill, the plaintiff sets forth that
 
 he
 
 had purchased by parol, from- the defendant, Moore, a tract of land containing, one hundred and thirty-five acres, at five dollars
 
 *367
 
 per acre. The defendant, in his answer, denies that he ever made with the plaintiff the contract set forth by him, and alleges that the contract made by him, was with the plaintiff and James P. Beck, and not for the sale of the hundred and thirty-five acres, but of a larger tract of which that was a part. Can the court hear parol evidence to establish which is the true contract ? We are saved all labor in investigating this question; it has already been decided by this court. The case of
 
 Ellis and Ellis
 
 came before the court in 1828. 1 Dev. Eq. 180. The plaintiff claimed the execution of the contract, which was in parol and which had been made in 1821, on the ground of part execution. The contract, as set forth in the bill, was denied by the defendant, and he claimed the benefit of the statute passed in 1819, making void such contract; and setting forth in his answer what
 
 was
 
 the true agreement. The court decreed the execution of the contract, and the case came before the court again the next year, (1 Dev. 340) on a petition to rehear the former decree. The decree was reheard and reversed. In pronouncing their opinion, the court say— <! The plaintiff sets forth one contract, which the defendant denies, and sets forth another, both in parol. To go into testimony, whether any, and what contract the parties did enter into, would be laying aside the act of assembly altogether.’) A case more in point with this, cannot well be imagined. And the court were well sustained in so deciding. Lord Thur-now, in the case of
 
 Whitchurch and Bevis, 2
 
 Bro. Rep. 566, expresses the opinion that the only effect of the statute of frauds on this subject, is to preclude the plaintiff from going into evidence
 
 aliunde
 
 for the purpose ofsubstantiatingaparol agreement denied by the defendant. The plaintiff is not entitled to any decree for the conveyance of the land claimed, neither is he entitled to an account, and that the land should be held as security for what might be due to him. If the defendant, Moore, had admitted the contract, as set forth in the bill, and that he had put the plaintiff into possession, on the authority of
 
 Baker and Wife against Carson, 2
 
 Dev. & Bat. Eq. 381, and of
 
 Albea against Griffin, 2
 
 Dev. & Bat. Eq. 9,
 
 *368
 
 we should, upon the plaintiff’s substantiating by evidence his-payments and improvements, have referred the case to the master for a
 
 report;
 
 and this upon the ground, not that this courí; coui(jj jn a case 0f this kind, give the plaintiff anything by the way of damages for the violation of a contract — but because the defendant, after making the contract, and putting the plaintiff into possession, ought not to be allowed to put him out, without returning the money he had received, and compensating him for his improvements. It would be against conscience, that
 
 he
 
 should be enriched by gains, thus acquired, to the injury of the plaintiff'. But in this case, Moore, the defendant, denies the contract set forth by the plaintiff) and under which he alleges his payments were made, and the improvements were put on the land. If the proofs cannot be heard to establish the contract, of which the plaintiff claims a specific performance, it cannot be heard to prove a contract, variant from that stated in the answer, for any purpose; and if so, then the plaintiff has put the improvements on the land, and paid the money to Kornegay, in his own wrong, and cannot ask this court to keep the defendant, Moore, out of his land, until he has settled with him. If he has any claim upon Moore for the money advanced, this is not the forum in which it is to be litigated. In addition to this, the defendant, Moore, denies he put the plaintiff into possession of the land, but says that he took possession and paid the money to Kornegay, after he, Moore, had notified him, that he would not go on with the contract, and after he had made a tender to him of the money he had paid him. And in these
 
 respects, the
 
 answer is fully supported by proof. Relief is further claimed, upon the ground that the plaintiff paid his money and put the improvements upon the land, under the full belief he could compel Moore to execute the contract. We do not, however, perceive that this ignorance of the law did exist on the part of the plaintiff. He does not make it one of the grounds, upon which he seeks relief, either in compelling the defendants to convey to him the laud, or that the land shall be held as a security to indemnify him for his improvements and money
 
 *369
 
 paid. And we are more confirmed in this opinion, that he is not entitled to the second relief, from the statements in the answer and the proofs, that he took possession of the land, and paid the money to Kornegay, after he had been notified not to do so.
 

 Per Curiam, Bill dismissed with costs.