The allegations in the bill were that the defendant owned a water-power and site for a saw mill on the French Broad River, and that it was agreed between them by parol that plaintiff should build a sawmill at this site at the joint expense of the two, the plaintiff giving his personal attention and oversight to the work and defendant (340) to make no charge for the work of his hands; that the plaintiff had the work done according to the contract and paid towards its accomplishment $438, and the defendant $266, as was ascertained by a settlement thereafter had between them which is alleged to be in the handwriting of the defendant and is filed as an exhibit). The plaintiff further alleged that he had fulfilled his part of the contract and had called on the defendant frequently to comply with his part thereof, by making the conveyance for one-half as he had agreed to do, but that he has utterly failed to comply with his bargain as set forth above, and that he has got the sole and exclusive possession of the said mill, and is working and using the same as his exclusive property, and refuses to let plaintiff come into joint possession with him thereof, and altogether denies that plaintiff has any right or property therein.
To meet the requirements of the statute as to the necessity that he should show some note or memorandum in writing of the said contract, the two following letters were set forth in the bill, viz.:
"MR. EBZAN LOVE: "26 March, 1853.
"Mr. Smith informs me that you wish to buy my half of the mill: as I throw no obstacle in your way about the mill, you may have it for three hundred dollars; say you pay me $200 in lumber, and credit my *Page 236 
account with $100 as agreed with Mr. Smith. I allow you half an acre of land with the mill for the use of the miller, and give a bond to make a title as soon as the last payment is made." Signed by the defendant.
 Also the following: "31 March, 1853.
"You can have the mill on the terms agreed with Mr. Smith. An half acre of ground, beginning at the mill, coming down, and paid for in lumber." Signed by the defendant.
And it is further alleged that these letters relate to a contract made with a Mr. Samuel Smith as the agent of the defendant by which it was agreed that plaintiff should have the whole interest in the mill by paying $300 to defendant in lumber, and, farther, should have (341) half an acre of land with the mill; that the letter of 26 March was a proposal to modify this contract, which plaintiff having refused to accede to, the letter of 31st was written to recognize and affirm the contract as made with Smith.
He prays for a specific performance of the contract and for general relief as follows: "and that your orator shall and may have such other relief as the nature of his case shall and may require and shall be according to equity and good conscience."
At the term to which process was returned the defendant appeared and pleaded in bar of plaintiff's right to recover the act of Assembly made and passed in the year 1819 making void all contracts about land unless such contract shall be put in writing. The cause was set down for hearing and removed to this Court by consent.
The defendant's plea must be sustained, unless the letters written by him to the plaintiff on 26 and 31 March, 1853, contain the terms of a contract for the sale of one-half of the mill site and mill mentioned in the bill sufficiently certain to entitle the plaintiff to a specific execution thereof in this Court. It is manifest that they do not; the letters taken together amount at most to a mere offer by the defendant to sell to the plaintiff his half of the mill, but there is nothing in them, or either of them, from which it can be inferred that he had contracted to convey to the plaintiff the other half of the said mill. The plea must therefore be sustained so far as the bill seeks a conveyance of one-half of the mill and the appurtenances. *Page 237 
But upon the authority of Baker v. Carson, 21 N.C. 381, and Albea v.Griffin, 22 N.C. 9, we think that the plaintiff is entitled in this Court to be paid for the improvements which, under his contract with the defendant, he by his work and labor put upon the defendant's land. As to obtain this he is entitled to answer from the defendant, and, as the answer cannot be filed in this Court, the cause must be removed to the Court below for that purpose. See Smith v. Kornegay, ante, 40.
Decree accordingly.
Cited: Sain v. Dulin, 59 N.C. 198; McCracken v. McCracken, 88 N.C. 284;Breaid v. Munger, Ib., 300; Wilkie v. Womble, 90 N.C. 255; Tucker v.Markland, 101 N.C. 427; Luton v. Badham, 127 N.C. 100.
 *Page 1