Pearson, J.
 

 It is the misfortune of the plaintiffs that the contract was not reduced to writing, at the time it was entered into. The defendant denies the contract as alleged in the bill, and the plaintiff is forced to rely on a recital set out in a receipt for a part of the purchase-money. ¥e think the 'evidence is insufficient, because the receipt contains no description of the house and lot, by which it can be identified.
 

 This conclusion is fully supported by the authorities,
 
 Mallory
 
 v.
 
 Mallory,
 
 Busb. Eq. 80;
 
 Plummer
 
 v.
 
 Owens,
 
 ib. 254;
 
 Allen
 
 v.
 
 Chambers,
 
 4 Ire. Eq. 125.
 

 The distinction is this: where a sufficient description is given, parol evidence must be resorted to, in order to fit the description to the thing ; but where an insufficient description is given, or where there is no description, (as in our case) such evidence is inadmissible.
 
 We
 
 deem it unnecessary to enter into a discussion of the subject;
 
 Deaf and Dumb Institute v. Norwood,
 
 Busb. Eq. 65,
 

 
 *79
 
 This Court cannot assume jurisdiction to decree repayment of the $175; the contract being void, the money can be recovered at law, in an action -for money had and received ;
 
 Ellis
 
 v. Ellis, 1 Dev. Eq. 398; and there is no peculiar equitable ingredient presented by this case.
 

 Per Curiam, The bill must be dismissed.