The object of the bill is to obtain compensation for improvements, which the plaintiff alleges that he made upon a certain parcel of land, which the defendant had agreed by parol to convey to him. A prayer for specific performance is, indeed, contained in the bill, but the plaintiff, anticipating that such relief could not be had, relies altogether upon the secondary equity for which he sets up a claim. Were the contract which he states admitted by the defendant, but repudiated because of its being by parol, his claim for compensation on account of the value which he added to the land by his improvements, would be clear, as has been long since settled by the leading case of Albea v.Griffin, 22 N.C. 9. But the answer denies the contract as set out in the bill, and alleges one which he avers he was willing to have executed, had he not been prevented from doing so by the misconduct of the plaintiff himself. Under these circumstances Dunn v. Moore, 38 N.C. 364, is a direct authority against the claim of the plaintiff to any relief at all. In that case it was decided that part performance, as by paying part of the purchase money, and entering into possession and making improvements, will not take the case out of the statute; but when there is such part performance, if the defendant admit the contract as stated by the plaintiff, and also the part performance, but relies on the statute of frauds, the Court will order an account and decree a compensation to the plaintiff for his payments, and for the value which his expenditures have added to the land; but if the contract be denied, the (198) Court can not grant any relief, because it can not go into proof of a contract variant from that which is stated in the answer. The principle thus stated we approve, and it is decisive of the present case against the plaintiff.
Our attention has been called to the cases of Thomas v. Kyles,53 N.C. 302, and Love v. Neilson, Ibid., 339, decided at the Morganton Term, 1854, which are supposed to be in opposition to the principle *Page 159 
extracted from Dunn v. Moore. The first would seem to be so, but the part of the case which relates to the present question was comparatively an unimportant one in the cause, and was manifestly not much considered, either by the counsel or the Court. Besides, it does not appear from the report that the alleged contract of purchase for the five acres of land was denied in the answer, it being only stated that "it was not admitted," which, as the main dispute was upon another point, may have meant that the answer had not noticed the allegation of the contract. However this may be, we can not give the case the effect of overruling, or essentially modifying, that of Dunn v. Moore. The other case of Love v. Neilson came before the Court upon the plea of the statute of frauds in bar of the plaintiff's claim for the specific performance of a parol contract for the purchase of one-half of a mill. The plea was sustained, but the Court said that the plaintiff might have relief for his expenditures in improving the mill-site of the defendant, and to that end remanded the cause to the Court below in order that the defendant might there file his answer. As it could not be known whether the answer would admit or deny the contract set forth by the plaintiff, it was manifest that the decision of the Court is not necessarily opposed to the principle adjudicated in Dunn v. Moore, supra.
PER CURIAM. Bill dismissed with costs.
Cited: Bonham v. Craig, 80 N.C. 231; McCracken v. McCracken, 88 N.C. 275,285; Luton v. Badham, 127 N.C. 98, 106.
(199)