CHARLES FORD v. A. STROUD. .

(Filed 24 March, 1909.)

1. **Contracts to Convey Land—Parol Contracts, Breach of—Equity—Assumpsit Implied—Improvements—Moneys Had and Received.**

     While a parol contract to convey land is void, the law will grant relief against the vendor, failing to make title, in favor of the vendee, who has entered into possession, paid a part of the purchase price and put permanent improvements upon the land, and will permit a recovery of the money paid on account of the purchase price and the cost of the improvements to the extent of the enhanced value, less reasonable rents and profits while in possession.

2. **Contracts to Convey Land—Parol Contract—Purchase Money—Improvements—Possession—Assumpsit.**

     A vendee who, while in possession of lands under a parol contract to convey, has paid a part of the purchase price and put permanent improvements thereon is entitled to his equitable remedy, upon an implied *assumpsit*, for money had and received, after surrendering possession, when his vendor cannot make title.

ACTION tried before *Lyon, J.,* and a jury, at April Term, 1908, of COLUMBUS.

Plaintiff sues for the recovery of money paid defendant on account of the purchase money of a tract of land under a parol contract to purchase, and for compensation for improvements put upon the land while in possession under the contract. He sets out his contract in his complaint, alleges the payment of the money and that he put the improvements on the land, and the refusal of defendant to make a deed. Defendant does not specifically deny these allegations, but sets up new matter, by way of avoidance, etc. . Plaintiff testified that defendant proposed to sell him the land and he agreed to buy it for $750. He paid defendant $200 on account of the purchase money and went into possession. The contract was not reduced to writing. Defendant paid an additional $200, stayed on the land two years, making valuable improvements, buildings, etc., and "had to leave." Defendant returned $80 of the amount paid. When plaintiff. demanded .of defendant a deed for the land he told him to call on Mr. D. L. Gore, who would make the deed; that he went to Mr. Gore to get a deed and he refused to give him one. "I told

defendant that I wanted him to give my money back, and he refused to do so. Mr. Gore said he would not make me a deed unless I would take all of the land. I offered to pay Mr. Gore the balance of the money on the piece of the land, as defendant told me to do. * * * Defendant said he had a bond for title. I could not get a deed from Gore nor from defendant for the land, although I was ready to pay the money and offered to do so." Defendant objected to this testimony and duly excepted to its admission. Plaintiff testified, without objection, that he put improvements on the land, giving estimate of value. Defendant offered no evidence, but moved for judgment of nonsuit, which was denied, and he excepted. Defendant tendered issues, which his Honor refused to submit. Exception.

The following issues were submitted to the jury:

1. "Did defendant contract with plaintiff to sell plaintiff the tract of land described in the complaint?

2. "Is the defendant indebted to plaintiff on account of money paid to him on purchase price of said land, and if so, what amount?

3. "Is the defendant indebted to plaintiff on account of improvements of said land, and if so, what amount?"

Defendant excepted.

The only portion of his Honor's charge to which exception was taken, and which is set out, is as follows: "If they found from the evidence and by the greater weight thereof, the burden being on the plaintiff, that the plaintiff complied with his part of the contract, or offered to comply with said contract, and that he tendered D. L. Gore the amount for said land under the contract, and that Gore refused to receive same and make title to the plaintiff unless plaintiff would take it and pay for more land than he had contracted for, the court charges you that it was not necessary for the plaintiff to tender the actual cash to the said Gore."

There was a verdict for plaintiff on all of the issues. Judgment, and appeal.

Plaintiff not represented in this Court.

*H. McClammy* for defendant.

CONNOR, J. The defendant's motion for judgment of nonsuit presents the merits of the appeal. The motion admits the plaintiff's testimony to be true. If upon these facts he is entitled to maintain the action, the rulings in regard to the admission of evidence and the instructions are correct. While the answer does not specifically admit the allegation in the complaint in regard to the contract, it does not contain a general or specific denial, as required by the Code of Procedure. We think that, upon both reason and authority, the plaintiff is entitled to maintain his action and recover the amount paid on account of the purchase money and compensation for his improvements to the extent of the enhanced value of the land, less profits made by him while in possession. It is true that the contract of purchase, being in parol, is void. It appears that defendant was not able to make title until, by complying with the terms of a bond which he held from D. L. Gore, he acquired one himself, and this he has failed to do, resulting in plaintiff's losing the land. In *Ellis v. Ellis,* 16 N. C., 402, it was held that a party who had paid the purchase money for land, under a parol contract, which was repudiated by the vendor, was not entitled to maintain a bill in equity, either for specific performance, because of the statute of frauds, or for the amount paid on the purchase price. The reason given by *Ruffin, C. J.,* is: "Because, so far as concerns the land, the contract is merely void, and the money can be recovered at law in an action for money had and received." There is in such cases a total failure of consideration; and as it would be inequitable to permit the vendor to repudiate his contract and retain the money paid upon it, the law gives to the vendee an equitable action, based upon an implied *assumpsit,* for money had and received. The right to be reimbursed for the payment of the purchase money on a parol contract for the purchase of land, repudiated by the vendor, and have compensation for betterments made while in possession under the contract, has in many cases been enforced by courts of equity by enjoining the eviction of the vendee until the money paid on the purchase price has been repaid and compensation for improvements made. In *Albea v. Griffin,* 22 N. C., 9, the bill was for specific performance of the contract. The defendants relied upon the statute of frauds, the contract being in parol. *Gaston, J.,* said: "We

admit this objection to be well founded, and we hold, as a consequence from it, that, the contract being void, not only its specific performance cannot be enforced, but that no action will lie, in law or equity, for damages because of nonperformance. But we are, nevertheless, of the opinion that plaintiff has an equity which entitles him to relief, and that parol evidence is admissible for the purpose of showing that equity. The plaintiff's labor and money have been expended on improving property which the ancestor of the defendants encouraged him to expect should become his own, and, by the act of God or the caprice of the defendants, this expectation has been frustrated. The consequence is a loss to him and a gain to them. It is against conscience that they should be enriched by gains thus acquired, to his injury." *Baker v. Carson,* 21 N. C., 381. In *Dunn v. Moore,* 38 N. C., 364, relief was denied because the contract set up in the bill was denied. *Nash, J.,* said that if defendant had admitted the contract the court would not have permitted him to put plaintiff out "without returning the money he had received and compensating him for his improvements." While in the case at bar the contract is not denied, if it had been we should not hesitate to follow the decision in *Luton v. Badham,* 127 N. C., 96, in which *Mr. Justice Furches* reviews this and all of the other cases, and shows conclusively that the right to relief cannot be defeated by a mere denial of the contract. See the very able and, the writer thinks, conclusive opinion of *Smith, C. J.,* in *McCracken v. McCracken,* 88 N. C., 272. Certainly this cannot be done where the action is for the recovery of the purchase money, as upon an implied *assumpsit* for money had and received or for money paid for a consideration which has failed. In *Daniel v. Crumpler,* 75 N. C., 184, *Rodman, J.,* says that the right to recover the purchase money and compensation for improvements against one who has repudiated his parol contract to convey land "stands on general principles of equity." As said by *Judge Furches,* in *Luton v. Badham, supra,* all of the cases are based upon this theory. It is doubtful whether, prior to the abolition of the distinction between actions at law and suits in equity, an action could have been maintained at law for compensation for improvements put upon land by the vendee. The court of equity had granted relief by enjoining the

eviction of the vendee by the vendor, who had repudiated his contract, until he had made compensation for improvements. Whatever difficulty was encountered because of technical rules of pleading disappear when forms of action are abolished and a plaintiff recovers upon the facts stated in his complaint and proven upon the trial. The careful review of the authorities and satisfactory discussion in the opinion in *Luton v. Badham, supra,* and the dissent of *Smith, C. J.,* in *McCracken's case, supra,* relieves us of the duty of doing more than to refer to them. It is interesting to observe the trend of thought upon the subject, as illustrated in the decided cases, showing how the law "works itself pure" and enforces the maxim that "There is no wrong without a remedy." If, as said by *Judge Gaston,* it is inequitable for a man to make a parol contract to sell land, receive the purchase money and encourage the vendee to make improvements on it, and, by repudiating the contract, retain the money and take the land, with its enhanced value, certainly the court must find some way, either preventive or remedial, to make him "do equity." We think that it has done so. We cannot perceive any good reason for saying that, so long as the vendee retains possession under the contract, he will be protected in his right, but if, seeing that he can get no title, he surrenders possession, he is without remedy. His Honor correctly denied the motion for judgment of nonsuit and admitted the evidence of the contract. It seems that defendant had purchased a body of land from Gore, of which he sold plaintiff only a portion, and that he owed Gore on account of the purchase money more than plaintiff owed defendant. Plaintiff was under no obligation to pay Gore any more than he owed defendant; hence the contention about the validity of the tender to Gore by plaintiff is without merit. Plaintiff was under no obligation to Gore—had made no contract with him. Defendant was in default in not perfecting his title and conveying to plaintiff according to his contract. We find no error in the portion of the charge set out in the record. The remainder is presumed to be correct. The issues submitted present the matter in controversy. Upon an inspection of the entire record, we find

No Error.