COLLIE JOYNER v. EVERETT JOYNER.

(Filed 20 October, 1909.)

1. Marriage and Divorce—A Mensa—Wife's Separate Property—Improvements by Husband—Equity.

A husband, from whom a decree of divorce *a mensa et thoro* has been obtained by his wife, because of his misconduct, cannot assert any equitable right or claim for improvements made by him and with his money, on lands conveyed by her to a trustee in trust for her separate use and enjoyment, in contemplation of the marriage, without request or inducement on her part. The decree is the result of his own acts, the improvements were made without suggestion of fraud or inducement on the part of the wife, and forms no basis for any equitable relief in his favor.

2. Marriage and Divorce—A Mensa—Wife's Separate Property—Trusts and Trustees—Contingent Interests.

It appearing that a wife, in contemplation of marriage, executed a deed in trust for her use and benefit providing a certain contingent estate, between herself and husband, which may be defeated by the happening of an event upon which it was made to depend; and that a decree for divorce *a mensa et thoro*, was obtained by her on the ground of the misconduct of the husband, the courts will not pass upon the contingent interests as the question may never arise. The possibility of condonation and resumption of the marriage relation is recognized by statute. Revisal, 2111.

APPEAL from *Lyon, J.,* May Special Term, 1909, of WAYNE.
The plaintiff brought this action for divorce *a mensa et thoro* from defendant, and alleged that prior to and in contemplation of marriage with the defendant, they, on 27 May, 1895, executed a deed to B. F. Aycock, conveying certain described land in the town of Goldsboro, of which plaintiff was seized in fee, and declared the following trusts: For the sole use and benefit of the plaintiff during the existence of the marriage, and, in the event she should survive the defendant, then to the plaintiff in fee simple, with a direction to the trustee to convey; but in the event the defendant shall survive plaintiff, then the trustee should hold the same, in equal proportions, for the use and benefit of such child or children of the plaintiff (whether born of a former marriage or born of the marriage with the defendant), and the issue of such as may then be dead, and the defendant, provided the defendant shall insure and keep insured his life in the sum of $1,000 for the benefit of the plaintiff. The plaintiff had three children by a former husband, living at the date of the second marriage. Upon the trial of the issues arising on the allegations in the complaint, upon which the divorce was sought, the jury

answered them in favor of the plaintiff. A decree of divorce from bed and board was entered, and the question of alimony and the rights of defendant under the deed in trust, and also for improvements made by him on the property, were referred to M. T. Dickinson. The referee duly made his report to the court, finding that the rental value of the property had been increased from $12 per month at the time of the marriage to $44 per month at the date of the report, by reason of the improvements and repairs made thereon by defendant, out of his own means and the rents which were collected by him; that the improvements were worth $1,500; that defendant has no income and is not more than able to support himself; that defendant has kept in force the insurance on his life of $1,000 for the benefit of the plaintiff. The referee concluded: (1) That the plaintiff was not entitled to alimony; (2) that the defendant is not entitled to recover the value of the improvements put by him on the land; (3) that the contingent estate in plaintiff's land was settled upon defendant solely in consideration of the marriage; (4) that defendant has forfeited his right to the contingent interest in said land.

The defendant duly excepted to the second, third and fourth conclusions of the referee, and upon the hearing by his Honor he overruled the exceptions, confirmed the report and adjudged as follows: "That the defendant is not entitled to recover improvements; that the contingent interest of defendant in the land was based upon the sole consideration of marriage, and was defeated by the divorce granted plaintiff, and that the trustee, B. F. Aycock, hold said land in trust for the plaintiff and her children, and that the defendant be excluded from any interest therein." To the above provisions in the judgment the defendant excepted and appealed to this Court.

*F. A. Daniels* and *Aycock & Winston* for plaintiff.
*George E. Hood* and *W. C. Munroe* for defendant.

MANNING, J., after stating the case: We think it clear that the defendant is not entitled, by the application of any equitable principle, to have the value of the improvements made by him upon the land held by the trustee, Aycock, assessed against the land, or any judgment therefor against the plaintiff. We are referred by his learned counsel to three cases (*Baker v. Carson,* 21 N. C., 381; *Albea v. Griffin,* 22 N. C., 9; *Pitt v. Moore,* 99 N. C., 85) that lay down certain equitable doctrines which, they submit, might fit the present case and give the defendant aid. An examination of these cases, as well as *Luton v. Badham,* 127 N. C., 96, in which case many of the previous decisions of this Court are reviewed, will disclose that the basis of the relief granted in each

of these cases was a parol agreement to convey certain land, or an interest therein, which induced an expenditure of money, in good faith, in its improvements and the enrichment of the land, the repudiation of the agreement to convey, and the attempt thereby to perpetrate a fraud. Not one of the facts essential to the support of the equitable doctrine declared in those cases is present here. The plaintiff and defendant, before and in contemplation of marriage, join in the execution of a deed to B. F. Aycock, conveying plaintiff's property, to be held upon the trusts declared. Subsequent to the marriage, with the deed operative and without any request, promise or inducement, as appears, made to him, the defendant, from the rents and his other sources of income, pays the taxes, occupies the property and makes improvements on the land; later he offers his wife such indignities as render her condition intolerable and her life burdensome; she obtains a divorce *a mensa et thoro,* because of his misconduct; yet he would have the value of the improvement declared a charge upon the property. When did this equity of the defendant begin? When the attempt to perpetrate a fraud upon him? It would seem that the defendant, by his own misconduct and his own wrongdoing, has brought upon himself his present misfortune. It is the result of his own acts, that ought to have been known by him. Revisal, sec. 2111; *Taylor v. Taylor,* 112 N. C., 139; *Hallyburton v. Slagle,* 132 N. C., 959. We can see no ground upon which relief can be extended to him by the equitable power of the court.

We do not think his Honor, however, should have attempted to pass upon the contingent interest of the defendant in the property conveyed to Aycock, trustee. The defendant's interest in that property may be defeated altogether by the happening of the event upon which it is made to depend, or he may lose it by failing to comply with the condition in the deed. We do not pass upon this question. The deed to Aycock is still operative and obligatory; it is necessary that the estate of the trustee be continued to preserve the contingent interests and carry out the terms of the trust; but the plaintiff is entitled, under the deed, to all the rents from the property during her life, and the defendant cannot interfere in any way now with the property or with the rents. Even the statute (section 2111, Revisal) recognizes the possibilities of condonation and the resumption of the marriage relation.

In attempting, therefore, to finally determine the contingent interest of the defendant, his Honor was in error, and his judgment will be so modified, and, as modified, is affirmed. The defendant, however, will pay the costs of this appeal.

Modified and affirmed.