FANNIE CARTER v. SAM C. CARTER ET AL.

(Filed 19 October, 1921.)

1. **Statute of Frauds—Vendor and Purchaser—Contracts—Parol Agreements—Payment of Purchase Price—Betterments.**

A purchaser under a parol contract to convey lands, who has entered into possession thereof after paying the purchase price, and put valuable improvements thereon, may recover the purchase price from the vendor and the enhanced value of the lands by reason of the improvements, upon the vendor's refusal to convey the lands under the plea of the statute of frauds.

2. **Same—Specific Performance.**

A vendor of lands under a parol agreement may not keep the purchase price thereof, and retain the improvements placed thereon by the purchaser in possession, and repudiate the agreement under the plea of the statute of frauds, though the purchaser's suit for specific performance may not be successfully maintained. The legal and equitable remedies discussed by WALKER, J.

**3. Pleadings — Dismissal of Action — Questions for Jury — Statute of Frauds.**

> Where the complaint in the suit is sufficient for the plaintiff to recover of the defendant the purchase price of lands that he has paid under a parol contract of purchase, and for the improvements he has placed thereon to the extent they have enhanced its value, it is error for the trial judge to dismiss the action upon the pleadings; and the matters controverted by the answer are for the determination of the jury.

APPEAL by plaintiff from *Cranmer, J.,* at February Term, 1921, of COLUMBUS.

This action was brought to recover the purchase money paid by plaintiff to the defendants upon a parol contract for the purchase of land which the latter have repudiated, and refused to convey to the plaintiff, and also to recover the amount by which the land was enhanced in value by certain improvements and betterments placed by the plaintiff upon the tract of land so sold to her, as will appear from the complaint, which is as follows:

"1. That the defendants were prior to .... October, 1919, the owners in fee simple of the following described tract of land:

"In Columbus County, State of North Carolina, adjoining the lands of ................ and others, and bounded as follows, viz.: Beginning at a stake, the second corner of lot No. 7, and runs north 45 degrees east, the line of lot No. 8, to the corner of Dunn Swamp the fork of it and alley bay; thence up said bay to a black gum bay by the public road, Marmaduke Powell's corner; thence with the road to lot No. 7; thence with it south 70 degrees east to the beginning, containing 43 acres, more or less, and being lot No. 9 of the division of the land of James Dyson, deceased, excepting two acres already conveyed, and for a more perfect description reference is hereby made to said division and deed made by Priscilla Dyson, on 7 June, 1888, to Samuel Merritt, and recorded 13 July, 1888, in book N-N of deeds, at page 247, records of Columbus County, in the office of register of deeds, and which is hereby referred to and made a part of this deed, which see for further description of this land.

"2. That the plaintiff, in October, 1919, purchased from the defendants above named the tract of land described in paragraph one of this complaint at the price of $1,730, and paid to the defendants the whole amount of said purchase price, the defendants at the time they received said purchase price promised, agreed and contracted to execute to the plaintiff a deed for said tract of land.

"3. That this plaintiff immediately after she had purchased said tract of land and paid the whole amount of the purchase price therefor, erected a dwelling house on the land, which cost her $925, and also

erected one tobacco barn thereon at the cost of $350, making a total of $1,275 which the plaintiff has spent in making improvements on said tract of land, making a total, including the purchase price, of $3,025, which the plaintiff has expended on the tract of land.

"4. That the plaintiff took possession of said tract of land .... January, 1920, and has been living on the same, occupying the house she erected thereon as a dwelling.

"5 That on 5 March, 1920, the plaintiff had a deed in fee simple prepared from Sam C. Carter and wife, Lillian Carter, to the plaintiff, conveying to her the tract of land described in paragraph one of this complaint, and presented the same to Sam C. Carter and wife, Lillian Carter, and requested them to execute it in due form and according to law.

"6. That Sam C. Carter and wife, Lillian Carter, defendants above named, failed and refused to execute the deed, and both still refuse to execute the same to the plaintiff, in violation of their promise and agreement to convey the same.

"7. That the defendants are now cutting and removing timber from the tract of land, and are threatening to continue to cut and remove timber therefrom, to the plaintiff's great damage of $300.

"8. That the plaintiff has caused a summons to issue from the Superior Court of Columbus County in an action entitled as above.

"9. That the defendants are insolvent, as this plaintiff is informed, believes and so alleges.

"Wherefore, the plaintiff prays the court that an order be made restraining the defendants, their agents, servants and employees from cutting and removing any timber from said tract of land, or in any manner committing acts of trespass thereon or from going upon said tract of land, and for such other and further relief as to the court may seem proper."

*Donald McRackan and S. Brown Shepherd for plaintiff.*
*No brief for defendant.*

WALKER, J., after stating the case: We are of the opinion that there was error in the judge's ruling. The plaintiff had entered into a parol contract with the defendant by which it was stipulated that the defendant should convey to her a certain tract of land, containing 43 acres, more or less, and particularly described in the complaint, upon the payment by the plaintiff of the purchase money, which was $1,750, and which was duly paid by the plaintiff, believing that defendants would comply with their promise and convey the land, and that, relying upon

the defendant's promise, the plaintiff entered into the possession of the land and erected valuable improvements thereon which reasonably cost $1,275. The plaintiff caused a proper deed to herself for the premises to be prepared, which was sufficient in form and substance to convey the estate promised by parol to be conveyed by the defendants to her, and defendants refused to execute the same, and now deny that the contract was ever made, pleads the statute of frauds and claims ownership of the land, and all this notwithstanding they have the purchase money in their pocket. We must be governed in our decision by the allegations of the complaint, on which our statement of the facts is based, the court having dismissed the action upon the pleadings, and certain alleged admissions which do not, in our opinion, affect the question, at this stage of the case, and when so controlled, we must hold that such a transaction does not look well for the defendants, and upon it the judgment of the lower court is not sustained by the law, and certainly not by equity.

We have solemnly adjudged in this Court, more than once, that where there is a parol contract to convey land, the full amount of the purchase money is paid, the vendee enters into possession and the vendor afterwards repudiates the contract by refusing to make a deed for the land, the purchaser may recover the price of the land so paid by him (*Improvement Co. v. Guthrie,* 116 N. C., 381), and further that where the vendor elects so to repudiate his parol contract by refusing to convey and sets up the Statute of Frauds, the purchaser may recover the amount paid by him for the land under his prayer for general relief, although the action be for specific performance. *Wilkie v. Womble,* 90 N. C., 254 (cited in note, 19 L. R. A., 879); *Murdock v. Anderson,* 57 N. C., 77; *Ellis v. Ellis,* 16 N. C., 398. Under the old system, when the courts of law and equity were separate, it was held that the purchaser could not proceed in equity to recover the purchase price which had been paid by him, as he had a full and adequate remedy at law, that is, by an action for money had and received to his use by the vendor or for money paid under a contract, the consideration having failed by the conduct of the adverse party, but now the two systems are blended, and since 1868 that rule has become obsolete. *Murdock v. Anderson, supra; Wilkie v. Womble, supra.* But even under the former system, if from peculiar circumstances the remedy at law would be inadequate, the equity court would have interfered and given redress. *Ellis v. Ellis, supra.*

The general right of the purchaser to recover what he has paid on the purchase money, and the obligation of the vendor to restore what has been unjustly received by him on his repudiated promise results (says *Smith, C. J.,* in *Wilkie v. Womble, supra*) from the annulling of the

executory agreement for the sale of the land and will be enforced against the party so avoiding it. This was also held in *Beaman v. Simmons,* 76 N. C., 43, which was an action to recover back the purchase money paid on a repudiated or cancelled contract. And when the purchaser has entered into possession of the land, paid the purchase money and made improvements, on the faith of the vendor's parol promise to convey to him, which he refuses to do, and repudiates the contract by pleading the Statute of Frauds, the seller may recover not only the purchase money paid by him, but compensation for his improvements to the extent that they have enhanced the value of the land. *Ford v. Stroud,* 150 N. C., 362; *Pass v. Brooks,* 125 N. C., 129 (modified, but not on this point, in 127 N. C., 119); *Albea v. Griffin,* 22 N. C., 9; *Hedgepeth v. Rose,* 95 N. C., 41; *R. R. v. Battle,* 66 N. C., 541; *Tucker v. Markland,* 101 N. C., 422. The Court said in *Pass v. Brooks, supra,* 131: "The law will not allow the plaintiff to take possession of the lot without repaying the purchase money so paid to him, and without also paying for the valuable improvements put on the lot, by reason of said parol contract; this would be unjust and inequitable." We said in *Jones v. Sandlin,* 160 N. C., 150, at p. 154: "The general rule is that if one is induced to improve land under a promise to convey the same to him, which promise is void or voidable, and after the improvements are made he refuses to convey, the party thus disappointed shall have the benefit of the improvements to the extent that they increased the value of the land," citing *Kelly v. Johnson,* 135 N. C., 647; *Reed v. Exum,* 84 N. C., 430; *Luton v. Badham,* 127 N. C., 96; *Albea v. Griffin,* 22 N. C., 9; *Hedgepeth v. Rose,* 95 N. C., 41; *Pitt v. Moore,* 99 N. C., 85. This Court, in *Joyner v. Joyner,* 151 N. C., 181, at p. 182, refers *to Albea v. Griffin, supra; Baker v. Carson,* 21 N. C., 381, and *Pitt v. Moore,* 99 N. C., 85, and says: "An examination of these cases, as well as *Luton v. Badham,* 127 N. C., 96, in which case many of the previous decisions of this Court are reviewed, will disclose that the basis of the relief granted in each of these cases was a parol agreement to convey certain land, or an interest therein, which induced an expenditure of money, in good faith, in its improvement and the enrichment of the land, the repudiation of the agreement to convey, and the attempt thereby to perpetrate a fraud." *Albea v. Griffin, supra,* decided that, "Although payment of the purchase money, taking possession, and making improvements, will not entitle the vendee to the specific performance of a parol agreement for the sale of land, yet he has, in equity, a right to an account of the purchase money advanced, and the value of his improvements, deducting therefrom the annual value during his possession,"

and the case of *Baker v. Carson, supra,* was approved.   See, also, *Wharton v. Moore,* 84 N. C., 479; *Barker v. Owen,* 93 N. C., 198 at 203.

We wish to be exactly just to the defendants, and this induces us to state that in the answer it is denied that defendants contracted with the plaintiff, as the latter alleges, but that they did contract to sell her, and did afterwards convey to her, a smaller tract of land on which the improvements were made, but we do not agree with the judge that no issues of fact or law were raised by the pleadings, or that the pleadings were in such a state that he could dismiss the action, without giving proper consideration to the plaintiff's equity, or even to his remedy at law.

The fact that plaintiff has received a deed for the land on the northwest side of the drain, and has no other deed, or other writing for any other part of the land, did not authorize a nonsuit, or dismissal of the action, because plaintiff does not allege that she had any other writing, but that by parol defendants agreed to convey *the land in question,* and that she paid the purchase money and was let into possession of the said land, under the agreement, and then made the improvements.   If it turns out that plaintiff has received some land for the purchase money paid by her, she would only be entitled to recover the fair balance due, to be ascertained in the proper way.

It is not now required that we should consider the question relating to the injunction which was refused, as it is not relevant to the controversy.   We do not, however, see why plaintiff should be entitled to an injunction against the cutting of timber when it appears she is not the legal or equitable owner of the land.

We may add that when the allegations in the case are threshed out it may finally appear that plaintiff's allegations are not sustained, and that she is really not entitled to any return, either legal or equitable.   But as there was a peremptory dismissal of the case, we are not dealing with the actual facts, but with plaintiff's allegations in her complaint.

The judgment will be set aside and the case submitted to a jury upon proper issues, unless a reference or other method of trial is agreed upon by the parties, and the case is accordingly remanded with directions for further proceedings therein not inconsistent with this opinion, and in other respects according to the course and practice of the courts.