JOHN PERRY, Jr., v. MARTHA A. and LUCY U. NORTON.

(Filed 7 December, 1921.)

1. **Contract— Parol— Statute of Frauds— Breach— Equity—Damages— Lands.**

Upon equitable principles, administered in our courts having jurisdiction of both law and equity, where a contract resting in parol will not be specifically enforced in regard to lands, it is unconscionable for the owner of lands to receive the benefit of permanent improvements made thereon and services rendered in good faith, upon consideration of an agreement to convey them, and not be held to liability therefor upon his pleading the statute of frauds, to the extent that the lands were enhanced in value.

2. **Same.**

One who has permanently improved the lands of the owner and continued in his service for a comparatively small wage for years, relying upon a parol agreement that the owner would convey the lands in consideration of the permanent improvements and the services thus rendered, upon the happening of a certain event, which the owner has refused to perform under the plea of the statute of frauds, may recover for the

value the services thus rendered, and the increased value of the land by reason of the improvements, though he may not enforce a specific performance of the verbal contract.

### 3. Same—Judgments—Interest—Statutes.

Where it has been ascertained by the verdict of the jury, upon a trial free from error, that the plaintiff is entitled to recover of the defendant the value of permanent improvements he has put upon the defendant's land under a parol agreement that the latter would convey a part of the lands in consideration thereof, void under the statute of frauds, to the extent that the improvements have enhanced the value of the land, interest is properly allowed in the judgment from the time of the defendant's breach, on the amount ascertained to be due at that time; and objection that the jury may have included the interest in their verdict is untenable when it appears that nothing was said by counsel or court in respect to it, the presumption being to the contrary. C. S., 2309.

ADAMS, J., not sitting.

APPEAL by defendants from *Adams, J.,* at the June Term, 1921, of HENDERSON.

This action was brought to recover damages for improvements made upon land, which defendants promised by parol to convey, but which they failed to do, and for money expended and services rendered in reliance upon said promise so repudiated.

In the case at bar the plaintiff alleges that he had been in the employ of the defendants since he had been large enough to earn his own living, and, in July, 1913, he was offered very much higher wages than the defendants were paying, and he went to defendants and told them that he wanted to serve notice of his leaving their employ. Defendants were so anxious to keep plaintiff that they made him a proposition that if he would not leave and go to the better-paying job they would continue to pay him $40 per month, charge no house rent, and when their large plantation was sold, or they dispensed with his services, they would deed him the cottage and lot he was occupying in lieu of the higher wage he would receive at the other place. He took the offer under consideration, and, on the day following, he went to defendants and told them he had decided to accept the same. He therefore exercised a sole, and even despotic, dominion over the house and lot as his own, building a fence around it and erecting a barn on it, at his own cost and expense, and continued to serve the defendants at the same wage of $40 per month for four years—three of them years of world war—uncertainty and unprecedently inflated prices for living commodities, and labor wages never before heard of—a period in which skilled workmen such as he (a landscape gardener, plumber, and general utility man) were in great demand and earning anywhere from $150 to $300 per month the country over. For all this period the defendants got this man's services on the

same basis—never any change—allowed him to build the barn, and expend his own money in improving the place, believing it to be his, as soon as the plantation could be sold, and when his services to defendants were no longer needed, assured for themselves a permanent supply of skilled labor from him through all the chances and vicissitudes of the war, and then, when the plantation is sold, included the lot and house they had contracted to convey to him with the whole estate, and made no other compensation for the sacrifice of his opportunities, and the benefits that they had received from his hard toil, freely given, and induced by the false promise.

The jury returned the following verdict:

"1. Did the defendants contract with the plaintiff to pay him for his services more than $40 a month, and for the use of the house and lot, as alleged in the complaint?　Answer: 'Yes.'

"2. If so, in what amount are the defendants indebted to the plaintiff?　Answer: '$1,700.'"

Judgment on the verdict, and defendants appealed.

*Ewbank & Whitmire for plaintiff.*
*Martin, Rollins & Wright for defendants.*

WALKER, J., after stating the case: 1. The defendants' first ground of exception is the court's instruction to the jury that the burden was upon the plaintiff to satisfy them by the greater weight of the evidence that the alleged contract was made, and if, upon consideration of all the evidence, the plaintiff has satisfied them that the defendants made the contract upon which he relies, that is, a contract to convey to him the house and lot, to pay him money, and give him the use and occupation of the house and lot, they will answer the first issue "Yes," and further, that it has long been settled by our Court that where the labor or money of a person has been expended in the permanent improvement and enrichment of the property of another by parol contract or agreement, which cannot be enforced because, and only because, it is not in writing, the party repudiating the contract, as he may do, will not be allowed to take and hold the property thus improved and enriched without compensation for the additional value which his improvements have conferred upon the property and this equity rests upon the broad principle that it is against conscience for one man to be enriched to the injury and cost of another, which was induced by his own acts. *Luton v. Badham,* 127 N. C., 96; *Ford v. Stroud,* 150 N. C., 365; *Ballard v. Boyette,* 171 N. C., 26.

The jury found the facts to be as proven by the plaintiff, and the law has been settled by this Court in a number of well considered cases that

the defendants cannot take advantage of the plaintiff's labor and services, under such an agreement as that set up and proved in this case, and defeat his claim for compensation for the same by pleading the statute of frauds. *Luton v. Badham,* and other cases, *supra.* In *Albea v. Griffin,* 22 N. C., 9, the bill was for specific performance of the contract. The defendants relied upon the statute of frauds, the contract being in parol, and *Judge Gaston* said that the Court admitted this objection to be well founded, and held, as a consequence from it, that, the contract being void, not only its specific performance cannot be enforced, but that no action will lie, in law or equity, for damages because of non-performance. But we are, nevertheless, of the opinion that plaintiff has an equity which entitles him to relief, and that parol evidence is admissible for the purpose of showing that equity. The plaintiff's labor and money have been expended on improving property which the ancestor of the defendants encouraged him to expect should become his own, and, by the act of God or the caprice of the defendants, this expectation has been frustrated. The consequence is a loss to him and a gain to them. It is against conscience that they should be enriched by gains thus acquired, to his injury. *Baker v. Carson,* 21 N. C., 381. In *Dunn v. Moore,* 38 N. C., 364, relief was denied because the contract set up in the bill was denied. *Nash, J.,* said that if the defendant had admitted the contract the court would not have permitted him to put plaintiff out "without returning the money he had received, and compensating him for his improvements." Of this *Connor, J.,* said, in *Ford v. Stroud,* 150 N. C., at p. 365, that while in the case at bar the contract is not denied, if it had been, we should not hesitate to follow the decision in *Luton v. Badham, supra,* in which *Mr. Justice Furches* reviews this and all the other cases, and shows conclusively that the right to relief cannot be defeated by a mere denial of the contract. See the very able and, the writer thinks, conclusive opinion of *Smith, C. J.,* in *McCracken v. McCracken,* 88 N. C., 272. Certainly this cannot be done where the action is for the recovery of the purchase money, as upon an implied assumpsit for money had and received or for money paid for a consideration which has failed.

In *Daniel v. Crumpler,* 75 N. C., 184, *Rodman, J.,* says that the right to recover the purchase money and compensation for improvements against one who had repudiated his parol contract to convey land "stands on general principles of equity." As said by *Judge Furches* in *Luton v. Badham, supra,* all of the cases are based upon this theory. It is doubtful whether, prior to the abolition of the distinction between actions at law and suits in equity, an action could have been maintained at law for compensation for improvements put upon land by the vendee. The court of equity had granted relief by enjoining the eviction of the

vendee by the vendor, who had repudiated his contract, until he had made compensation for improvements. Whatever difficulty was encountered because of technical rules of pleading disappear when forms of action are abolished and a plaintiff recovers upon the facts stated in his complaint and proven upon the trial.

2. As to the defendants' second exception, which is that the court erred in rendering the judgment in favor of the plaintiff and against the defendants for the interest on $1,700 from October, 1917, until paid. Under the contract between the parties, plaintiff's right to compensation for the loss of the house and lot accrued when the defendants sold their plantation in October, 1917, and at the same time sold the house and lot that the plaintiff had labored to acquire for four years. The defendants had received the services for which compensation was due, and the plaintiff had, in addition to these services, expended his money in building fences and a barn on the defendants' lot, which they had contracted to convey to him prior to October, 1917, and the jury "ascertained from the terms and relevant evidence" the amount of the plaintiff's claim, and, under decisions of this Court, the trial judge rendered judgment for interest from the time the plaintiff's right to compensation accrued, to wit, from October, 1917. In this the trial judge simply followed the law as established by the decisions of this Court. *Chatham v. Realty Co.,* 174 N. C., 671. In the case before the Court, there has been more than an adequate default on the part of the defendants in withholding the money belonging to the plaintiff for the value of his services—they have tried to defeat his claim altogether for a period of four years, and still, in the prosecution of this appeal, endeavor to prevent him from reaping the reward of his toil. The statute says that all sums of money due by contract of any kind, excepting money due on penal bonds, shall bear interest, etc., (C. S., 2309). From this it would seem to follow in this State that whenever a recovery is had for a breach of contract and "the amount is ascertained from the terms of the contract itself or for evidence relevant to the inquiry," that interest should be added. *Kester v. Miller,* 119 N. C., 475; *Bond v. Cotton Mills,* 166 N. C., 20.

But this question of interest has been settled by this Court at the present term in *Croom v. Lumber Co., ante,* 217, opinion by *Adams, J.,* where the authorities are collected, which decision also bears somewhat upon the equitable principle we have applied to another branch of this case. It was argued by the defendants that as the court did not instruct as to giving interest in the verdict, the jury may have done so, and defendants would thereby pay double interest, but we think this cannot be assumed, but that the presumption is the other way, that the jury did not allow interest, nothing having been said by counsel or the court with

respect to it. In adding interest, the court was merely complying with the statute and following the precedents in this Court.

It will be noted that in this case the defendants got the benefit of both the labor and money of the plaintiff—his labor in the service of the defendants for four years, and his money in the improvement of the house and lot that they agreed should be deeded to him, but which they conveyed to another in the wholesale conveyance of their large estate.

The defendants' counsel argued strenuously and at some length that the contract alleged and proved was unreasonable and improbable, when, as a matter of fact, the contention of the plaintiff is much more reasonable than to suppose that he would stay with the defendants in 1913, after being offered much higher wages, and then continue to stay on during the three years following, when labor of the commonest sort increased very much in value, and yet, with all this change in opportunities he remained "on the job" until the end, at the same old pay, unless there was some other compelling motive keeping him there, which was his desire honestly to perform the contract, for the breach of which by defendants, and as compensation for his services, the jury found that he was entitled to $1,700, and for this sum the court gave judgment with interest from October, 1917.

We are of the opinion that the learned judge who presided at the trial was right on both points. The first ground upon which rests the verdict, and his judgment, has been settled and established, for many years without much question, and the second is equally as clear, and, moreover, has for its support the authority of a statute, the construction of which cannot now be questioned.

No error.

ADAMS, J., not sitting.