G. W. FERRELL AND MARY J. FERRELL v. ORMAND MINING COMPANY.

(Filed 20 November, 1918.)

1. **Landlord and Tenant—Contracts—Statute of Frauds—Parol Contracts— Improvements—Equity—Statutes.**

   The lessor may terminate a parol lease of land to "continue so long as the lessee may pay the agreed rent," because the statute, Revisal, sec. 916, requires leases of this character to be in writing, but a further agreement to allow the lessee to remove improvements he has placed thereon, or compensate him therefor, is not an interest in lands coming within the meaning of the statute of frauds, and upon the lessor's terminating the agreement he must compensate the lessor therefor to the extent the improvements have enhanced the value of the land, both under the terms of the parol agreement and under the equitable principle, that, having acquiesced in and received the benefit of the agreement, he must pay therefor. The doctrine of betterments, under Revisal, sec. 652, has no application to the facts of this case.

2. **Landlord and Tenant—Contracts—Improvements—Orchards.**

   Where a lessee of land, by parol agreement, may recover of his lessor the value of improvements to the extent they may have enhanced the

value of the leased land, the planting of a fruit orchard, coming within its terms, are to be regarded as improvements for which a recovery may be had.

**3. Landlord and Tenant—Equity—Improvements—Vendor and Purchaser.**

The principle permitting a vendee of land, under a parol contract, to recover as much of the purchase money as he may have paid the vendor, who repudiates the agreement, less a reasonable rent, thus placing the parties *in statu quo*, is applied to this case, wherein the lessor terminated a parol contract, invalid because not in writing, Revisal, sec. 976, whereunder the lessee was to receive compensation for the improvements he had put upon the land.

APPEAL by defendant from *Long, J.*, at April Term, 1918, of GASTON.

This action was brought to recover for improvements placed upon the land of defendant while holding under a lease whereby, as plaintiffs allege, they should have the use of such land for the life of the male plaintiff, with an agreement that the plaintiffs could construct buildings on said land or make other improvements with the right to remove the same, or that the defendant would pay the plaintiffs for all improvements on said land. This was denied by the defendant, and there was also a denial of the value of such improvements. The defendant terminated the lease. The jury responded to the issues that the lease was on the terms and conditions set out in the complaint as above stated, and that the increased value of the land, by reason of the permanent improvements put thereon by the plaintiffs and agreed to be paid for by the defendant, was $550. Judgment was entered for said amount and defendant appealed.

*C. E. Whitney and Mangum & Woltz for plaintiffs.*
*S. J. Durham for defendant.*

CLARK, C. J. We think the issues submitted were sufficient to present every phase of the controversy. The defendant earnestly pressed the objection that the alleged agreement by which the plaintiffs put up the buildings and put in the orchard was void because not in writing.

The allegation in the complaint is that on 1 August, 1908, the plaintiffs leased from the defendant the tract of land in question under an oral agreement by which the plaintiffs should hold it during the life of the male plaintiff; that he was to clear said land, to erect buildings or dwellings with barns and outhouses, and to improve the land by cultivating the same and planting fruit trees, and that in consideration of such work and improvements the defendant agreed that plaintiffs should remain on the lands so long as they might wish paying the usual rent for such crops from year to year, and that the defendant would permit plaintiffs to remove all buildings from said lands and other improve-

FERRELL *v.* MINING CO.

ments placed thereon by the plaintiffs, if they should desire to leave, or pay them such sum as they should be reasonably worth. This was denied by defendant, but the jury find upon the issues that the same was true, and that $550 was the value added to the land by reason of permanent improvements put thereon by plaintiffs, which were buildings and an orchard.

If the contract had been in writing the defendant could not have evicted the plaintiffs; but the lease not being in writing when on 15 December, 1915, the defendant gave them notice that they could not use the land during the year 1916, the plaintiffs were thereupon entitled, under the agreement and upon well-settled equitable principles, to be compensated for the value of such improvements to the extent of the enhanced value of the land by reason of said buildings and orchard. This right arises not only upon the terms of the contract of lease, but upon the equitable principle that having acquiesced in the occupation of the premises by the plaintiffs, and having accepted the benefit of such improvements, while the defendant could terminate the lease, the defendant must compensate the plaintiffs for the benefits put upon the land by their labor in reliance upon the verbal agreement, which the jury have found to be as stated by the plaintiffs.

A contract to convey land, or "any interest therein," or leases longer than three years, are void under the statute of frauds (Revisal, 976) unless in writing. But the agreement in this case, that the plaintiffs should be allowed to remove the betterments or they should be paid for the value thereof, is not a contract for any interest in land, and therefore is not invalid under the statute of frauds.

In a recent case, *Ballard v. Boyette,* 171 N. C., at p. 26, it is said: "Whatever may have been the ancient rule, it is now well settled by many decisions—from *Baker v. Carson,* 21 N. C., 381, in which there was a divided Court, but *Ruffin, C. J.,* and *Gaston, J.,* concurring, and *Albea v. Griffin,* 22 N. C., 9, by a unanimous Court, down to *Hedgepeth v. Rose,* 95 N. C., 41—that where the labor or money of a person has been expended in the permanent improvement or enrichment of the property of another by a parol contract or agreement which cannot be enforced because, and only because, it is not in writing, the party repudiating the contract, as he may do, will not be allowed to take and hold the property thus improved and enriched 'without compensation for the additional value which these improvements have conferred upon the property,' and it rests upon the broad principle that it is against conscience that one man shall be enriched to the injury and cost of another, induced by his own act."

In *Critcher v. Watson,* 146 N. C., 152, the Court said: "A landlord cannot be 'improved' into a liability for improvements put upon his

property by the tenant without authority. Nor can any one be held liable legally for a promise made without consideration; but here the betterment to the house was accepted at the time by the plaintiff, who promised to pay the $1.72 for it, as the jury find. He has lost nothing, but still has the consideration of better light for a large room, which before had no light except from the door."

This doctrine rests upon the same principle that when a vendor of land repudiates the contract because it is not in writing he must put the vendee *in statu quo* by returning so much of the purchase money as has been paid with an allowance for the enhanced value of the land by reason of improvements placed thereon in good faith by the vendee, subject, of course, to a reasonable rent. It is true that where a tenant for life, or for a term of years, voluntarily makes improvements on a leased estate he cannot without any contract or agreement recover against the owner for such improvements, for it is his own fault that he placed such betterments thereon, and besides, he could have removed any buildings he might place thereon before the termination of the lease. But here the lessee made the improvements under a contract, as the jury find, that such improvements would be paid for or removed at the option of the tenant, and the landlord violated the contract by taking possession with the improvements thereon.

The exception that the court allowed compensation for the enhanced value of the land by reason of the fruit trees put thereon by plaintiffs cannot be sustained. Planting a fruit orchard has been held to be an improvement of the land. 14 R. C. L., 15. The enhanced value of the land by reason of the orchard was assessed by the jury. The right of plaintiffs to recover does not depend upon Revisal, 652, giving betterments where one holds an estate under a *bona fide* belief that he has title thereto, but it arises upon the express contract in this case and the equitable right to recover for the benefits which the plaintiffs have placed upon the land upon faith in the contract with the defendant and his acquiescence therein that they would receive compensation therefor.

The defendant set up a counter-claim for unpaid rents, but the burden of that was upon the defendant, and the jury found in response to the issue that there was nothing due.

No error.