ELIJAH GRAY v. GUS DAVIS AND WIFE.

(Filed 27 September, 1922.)

1. Betterments—Equity—Damages—Ejectment—Mortgages— Purchasers —Sales.

In an action of ejectment there was evidence tending to show that the illegitimate daughter of the owner of lands was induced by her father to build a dwelling upon a certain three acres under her father's promise of a gift thereof; but that thereafter, the father becoming mad with her, he agreed with the plaintiff that the latter should bid in the land at a sale under mortgage he had given, and hold title for him, the mortgagor, which was accordingly done at a grossly inadequate price, the transaction between the father and the daughter having been with the plaintiff's knowledge: *Held*, the defendants, the daughter and her husband, under a favorable verdict and proper instructions, were entitled to recover in equity the increase in value to the lands caused by the improvements they had placed thereon, without reduction for the rental value of such improvements, for the time they had occupied the dwelling. *Albea v. Griffin*, 22 N. C., 9, cited and applied.

**2. Same—Notice—Evidence.**

In this action of ejectment, to hold the purchaser at a foreclosure sale· liable in equity for improvements the defendants had placed on the mortgagor's lands, the evidence *is held* sufficient that the plaintiff had purchased for the mortgagor with notice or knowledge of the defendants'· equitable claim.

**3. Same—Declarations of Purchaser—Deeds and Conveyances—Title.**

Where there is evidence sufficient to show that the plaintiff, in ejectment, bought the lands through a purchaser at a foreclosure sale for the mortgagor, subject to the defendants' equitable claim for improvements thereon, it was competent for the defendant to testify that the purchaser told her, before he had made the deed to the plaintiff, that he had bought it for the mortgagor, it being in derogation of his title under which the plaintiff claimed, contradictory of the purchaser's affidavit and in corroboration of the inadequacy of the consideration paid, and the other· evidence in this case tending to show the entire transaction.

APPEAL by both parties from *Bond, J.,* at May Term, 1922, of BEAUFORT.

This was an action of ejectment by plaintiff, who had taken a deed from one Judkins, who, the defendants alleged, at the instance of Morgan Farrow, had bought the land in for Farrow at a mortgage sale under a mortgage executed by Farrow. The defendants admitted the plaintiff's paper title, but contended they had built the house and put other permanent improvements on 3 acres of the land at the instance of Farrow, and upon a verbal contract by him to convey this 3 acres to the *feme* defendant, the illegitimate daughter of Farrow, and alleged that plaintiff held under Morgan Farrow, with notice of their equity, and for a grossly inadequate consideration. The jury so found, and the plaintiff appealed. The defendants also appealed.

*Small, MacLean, Bragaw & Rodman and W. C. Rodman for plaintiff. Ward & Grimes for defendants.*

CLARK, C. J. The defendants contend upon the evidence that they were accumulating a little lumber on a nook of land with a view to building a house to live in when the defendant, Morgan Farrow, passed along one day and saw the *feme* defendant at the spot, who was his illegitimate daughter; that he told her that he had never done anything· for her, but. wished to do something, and not to build the house there,. but to build it on his land, on the three acres in question, and he would give her a deed for it; that she related the promise to her husband, and acting upon it, they moved the lumber, built the house, and lived in it for eight years; that, after the house and improvements were finished, Morgan. Farrow fell out with his daughter ·upon some pretext and

brought summary proceedings in ejectment against her. There was evidence that the defendants built the house at a cost of $1,000; that Morgan Farrow passed there nearly every morning while the building was going on, and often repeated to his daughter that he would give her a deed when the house was finished; that he fell out with her about the purchase of some chairs, and he ordered her out and brought an action in the magistrate's court; that at that time the plaintiff Gray was present and heard the evidence. The justice of the peace dismissed the action. Morgan Farrow had executed a mortgage upon the entire tract of 22 acres, and under it, it was bought by one Judkins, and there was testimony that he stated that he bought the land for Morgan Farrow. Subsequently, he conveyed it to the plaintiff Gray, and there was evidence that the land was greatly in excess of the alleged price that Gray paid for it.

The court charged the jury, at request of defendants:

"(1) If you find from the evidence that Morgan Farrow agreed to convey the land to the defendants, and that the said Farrow listed the land for taxes after the deed to Gray, and that he has been working on the land since that time, and that the value of the land conveyed to Gray was greatly in excess of the alleged purchase price, you should consider all these circumstances in determining whether said Gray is a purchaser for value.

"(2) That the circumstance that the plaintiff never saw the land before he bought it, and not until the month afterwards did he go to look at it, both of which were testified to by the plaintiff, are to be considered by you on the question whether he is a purchaser for value, and even though he may have actually paid to Judkins the money recited in the deed, this would not constitute him a purchaser for value, if he agreed with Morgan Farrow to hold the title for him and to convey to him later upon repayment of said money.

"(3) If you find that the plaintiff had an agreement with Morgan Farrow that he was to take deed for the land, but he was to hold back a part of the purchase price until the defendants were gotten out of possession, then the plaintiff would not be a purchaser for value."

The court also charged the jury: "Issue one is, 'Were the defendants Davis and wife induced to put valuable improvements on the 3-acre tract in dispute by the promise on the part of Morgan Farrow that if they would do so he would make them a deed in fee for same?' Davis and wife allege that is the reason they built the house on the land. The burden is upon Davis and wife to show that fact by the greater weight or preponderance of the evidence. If they have done so, it will be your duty to answer the issue 'Yes.' If they have failed to do so, it will be your duty to answer 'No.' "

7—184

The court also charged the jury: "The second issue is, 'If so, to what extent, if any, was the value of said three-acre piece increased by reason of such improvements?' The burden is upon Davis and wife to show what improvements they put on the land, and the enhanced value of the land, not what it cost them to erect the improvements, but how much has the value of the three acres been enhanced by reason of the improvements; that is, what is the difference between the value of the land since the improvements were put on it and the value if the improvements had not been put on. The burden is on Davis and wife to show by the greater weight or preponderance of the evidence to what extent they have increased the value of the land by reason of the improvements; in other words, whatever you find by the greater weight or preponderance of the evidence to have been the increased value of the land, it will be your answer to the second issue."

The court also charged: "The third issue is, 'If the promise and improvements had been made before the time Elijah Gray got the deed for said 3 acres, did he have knowledge or notice of same?' That is, if Morgan Farrow induced Davis and wife to put the building on the land by promising to make them a deed in fee for it, and by reason thereof they put the house and improvements on the land and increased its value when Elijah Gray got the deed for the land from sale made under mortgage, did he know or have knowledge of any protest, by the following up of which he could have ascertained that the promise had been made by Morgan Farrow, and that was the reason the improvements had been put on the land. The defendants allege that Gray had notice, and the burden is on them to show that Elijah Gray had knowledge or notice of the same; if they have done so, and you so find by the greater weight or preponderance of the evidence, you will answer the third issue 'Yes'; if they have failed to do so, you will answer 'No.' "

"The fourth issue is, 'Did Elijah Gray purchase said land for value?' That is, did he pay a reasonably fair price for it; not what it is worth now, or was worth 1, 2, or 3 years ago. Did he pay a reasonable price for it at the time that he bought it at the mortgage sale on 1 December, 1919? If so, you are to restrict your investigation to that date in order to ascertain if Elijah Gray purchased said land for value. Defendants contend that a man who purchases a piece of property for such a low price as that any person knows that it is not a reasonably fair price for the property bought that would not be sufficient in its value to constitute a man a purchaser for value. In order to make a man a purchaser for value, he doesn't have to pay such a price as some man might have an opinion as to what its value might be, but only such sum as is a reasonably fair price for the property at the time he buys it. The plaintiff Gray contends that he is a purchaser for value; the defendants Davis and wife contend that he is not.

"Upon these contentions the law says that the burden is on Elijah Gray to show by the greater weight or preponderance of evidence that he was a purchaser for value. If he has done so by the greater weight or preponderance of evidence, the burden being on the man Gray to show that your answer to the fourth issue should be 'Yes, that he purchased said land for value'; if he fails so to do, it is your duty to answer the fourth issue 'No.'"

The court further charged: "Davis and wife contend that you ought to find by the evidence that this land was promised them by Morgan Farrow; that he was her father, she being his illegitimate child; that she and her husband put a certain house on the land, and that he, Morgan, being the owner of the land at the time would make them a deed in fee simple for the 3 acres of land on which the house was put; that they complied with the agreement by building the house, and thereafter some dispute arose between Morgan Farrow and his alleged daughter, and she alleges he got mad, and that he then abandoned the idea, after they had spent money putting the house on the land, to convey them the land by deed, and that he receded from his promise, which they contend he had made; that they had put the house on the land, which cost them, as they contend, some $700 or $800—I believe that is the contention they make now; and they contend further that Elijah Gray knew that he had made this promise by reason of the fact, the defendants contend, that when Morgan Farrow started suit to put Davis and wife out, when the papers were publicly read in the suit that Elijah Gray was present and heard the papers read, and that therefore before he got any deed he had notice of the fact that the defendants were claiming this land, that they had spent money in improvements on the land, and that the land had been promised to them by Morgan Farrow, which induced them to go on the land and put the improvements thereon."

The court also stated to the jury the contentions of Gray that they should not find that he had any knowledge of the agreement between Morgan Farrow and the defendants, if any, in consequence of which they placed these improvements upon the land; that he purchased for fair value and without any agreement to hold the same for Morgan Farrow. The evidence and the charge are somewhat prolix, but the above is a substantial statement of the points in controversy.

The jury found upon the issues submitted that the defendants Davis and wife were induced to put valuable improvements on the 3-acre tract in dispute by a promise on the part of Morgan Farrow that if they did do so he would make a deed in fee to the *feme* defendant for the same, and that by reason of the improvements which the defendants put thereon the land was increased in value $550, and that the plaintiff Elijah Gray had knowledge of said promise and improvements at the time he pur-

chased from Judkins after the mortgage sale; that he did not purchase said land for value; and that the fair rental value per year since Davis and wife have been in possession of said 3 acres (8 years) was $40 per year, and thereupon the court entered judgment that the plaintiff was entitled to possession of all the lands described in the complaint (as to which the defendants did not assert ownership or possession), and should recover the entire tract, but as to the 3 acres of land the defendants should recover from the plaintiff the sum of $550, being the enhanced value of the land by reason of the improvements placed on said three acres by the defendants as found by the jury, less the rental value ($320) of said 3 acres for the time (8 years) the defendants had been in possession thereof; and upon default in payment of the $230 balance within ninety days, the said 3 acres, with the improvements thereon, shall be sold, after due advertisement, as required by law in such cases, and out of the proceeds of. the sale there shall be paid the defendants the sum of $230, with interest from the date of the judgment.

The issues found by the jury bring the case within the rule of equity laid down by *Gaston, J.,* in *Albea v. Griffin,* 22 N. C., 9. See, also, citations at the end of that case in the Anno. Ed., and the subsequent cases of *Ballard v. Boyette,* 171 N. C., 24, and *Ferrell v. Mining Co.,* 176 . N. C., 475.

The plaintiff excepted to the charge above set out because the court did not charge the jury as prayed that if they believed the evidence to find that Gray did not have notice at the time of his purchase of the land that the improvements had been made by the defendants under a promise from Farrow that he would make them a title to the land. There was conflicting evidence upon which the jury were justified in finding as they did.

The plaintiff excepted to the answer of *feme* defendant that Judkins, after he bought the land, told her that he bought it for Morgan Farrow. This was a statement by plaintiff's grantor, in derogation of his title, while he held it, before conveyance to plaintiff, and is in contradiction to Judkins' affidavit, filed in this case, that though he knew defendant had been in possession, he knew nothing about the title, and is corroborative of the evidence as to the inadequacy of consideration, knowledge of the promise by Farrow to *feme* defendant, and other circumstances put in evidence by defendants to show the entire transaction. The other exceptions to evidence do not require discussion.

The defendants excepted that under the charge of the court the jury assessed against the defendants the rental value of the building which they had put upon the premises. The plaintiff was not entitled to rent for the buildings which had been placed upon the 3 acres as the jury find, under agreement with the owner that he would make a deed to

them for the premises.   The plaintiff, according to the verdict of the jury, stands in the shoes of Morgan Farrow, having bought with knowledge of the promise made by Morgan Farrow to the defendants.   There being no conveyance of the property to the defendants, the plaintiff claiming under Morgan Farrow is entitled to recover the premises upon payment of the increased value put upon the land by the improvements which Morgan Farrow had induced the defendants to make, but the plaintiff was not entitled to recover rent for the buildings which had been put upon the land by the defendants for their own use under such promise.

The judgment should be reformed by striking out the deduction of the rental value for the three acres of land of $40 per year during the time the defendants were in possession thereof.   It does not appear that there was any profit derived by the defendants from the use of said 3 acres beyond the use of the house and improvements.   As thus modified, the judgment will be,

On the defendants' appeal, modified.

On the plaintiff's appeal, no error.