TRIMMER v. GORMAN.

(Filed October 29, 1901.)

1. SPECIFIC PERFORMANCE—*Vendor and Purchaser—Contract.*

A vendor of land can not require a purchaser to take a defective title, though the vendor offers an indemnifying bond.

2. PRESUMPTIONS—*Presumption of Death.*

The absence of a person for more than seven years, without being heard from, raises a rebuttable presumption that the person is dead.

3. REFERENCES—*Findings of Court—Pleadings—Allegations in Pleadings—Admissions in Pleadings.*

While the supreme court will not review the findings of fact by a referee where there is evidence tending to prove them, they will not sustain them when in conflict with the allegations and admissions in the pleadings.

4. APPEAL—*Review—Exceptions and Objections.*

Questions will not be considered on appeal which are not presented by motion or exception in the case on appeal.

ACTION by B. F. Trimmer against J. L. Gorman and wife Elizabeth A. Gorman, heard by Judge *W. S. O'B. Robinson,* at December (Special) Term, 1900, of the Superior Court of COLUMBUS County. From the judgment, the plaintiff appealed.

*J. H. Pou,* and *T. B. Womack,* for the plaintiff.
*J. B. Schulken,* for the defendants.

FURCHES, C. J.   It seems from a paper made an exhibit and part of the complaint, that in November, 1894, the plaintiff contracted to sell Elizabeth A. Gorman a tract of land, estimated to contain 400 acres, at the price of $4,000.   This

11——129

contract is lengthy, not very explicit, and not entirely clear as to what it means. But it seems that we may understand by it that the plaintiff contracted to sell the land to the defendant Elizabeth at the price stated ($4,000); that said defendant was to pay plaintiff $600 at the date of the sale, $650 in December following, and the balance in deferred payments; that a deed was to be executed at the time of the second payment, conveying an absolute title in fee-simple, and the said Elizabeth was to secure the deferred payment by a mortgage on the land. The defendant made the first payment of $600, according to the allegation of plaintiff's complaint, and no more, and neither the deed nor mortgage was ever made. This is admitted by the defendant Elizabeth, and she alleges that she was a married woman at the time she bought the land and signed the contract, and is not bound thereby. And she alleges that she was induced to buy the land through the false and fraudulent representations of the plaintiff, by which she was badly cheated and defrauded. She also alleges that the plaintiff represented himself as a single man, and able to make and convey a good title to said land; but that since the date of said contract she has learned that he is not a single man, but has a wife living in the State of Virginia, who is unwilling to join the plaintiff in a deed conveying said land. She also alleges that plaintiff's title is defective, and for these reasons he is unable to make a clear and indefeasible title to said land; and asks that an account be taken of rents and profits and of the amount paid on the purchase price, and that she have judgment for the difference in her favor.

The contract contains a clause or provision that unless the second payment provided for is made, the contract shall be utterly void and of no effect; and plaintiff asks that such contract be declared void, for possession of the land, and damages for detention, and for waste.

It is admitted that the defendant Elizabeth, at the date of her contract, was a married woman, and has so remained ever since, and is so now.   The plaintiff admits that he has been a married man, but alleges that his wife left him more than seven years ago, and that he has not heard from her since, and therefore the law presumes her to be dead.   He also says that he has a good and valid title to the land, and is willing to indemnify her against the contingency of his wife's not being dead.

There was no evidence offered as to defective title, nor to sustain the allegations of fraud.   The case was referred to H. L. Moffitt, Clerk of the Court, to take and state an account of the rents, injury to the land by defendant, and of the amounts paid by her thereon.   This account was taken and reported, to which there were exceptions filed, and the case comes before us upon this report and exceptions.

Upon the argument here, the ground was taken by plaintiff that, while the contract could not be enforced against defendant Elizabeth on account of her coverture, she could not repudiate it and recover back any money she had paid on the same.   This proposition of law is substantially correct, that while plaintiff could not enforce it, the defendant could; but we can not apply it in this case.   The defendant is not bound to take a defective title, although the plaintiff may offer to give her an indemnifying bond.   The absence of plaintiff's wife only creates a presumption that she is dead.   This is a presumption of fact that may be rebutted, and defendant's title rendered imperfect.   *Dowd v. Watson,* 105 N. C., 476, 18 Am. St. Rep., 920; *Springer v. Shavender,* 118 N. C., 33, 54 Am. St. Rep., 708.

But this Court is a Court of errors, and only reviews such matters as are presented by the appeal.   And the question presented for the plaintiff in the argument of his counsel is not presented by any motion or exception in the case on appeal.

TRIMMER *v.* GORMAN.

As the case has been treated by the parties as a matter of account between them, consisting of the amounts the defendant Elizabeth had paid the plaintiff, and the value of rents, profits and damages on the other side, we will so treat it, and will only consider the account and exceptions thereto.

The Court adopts the finding of fact by the referee, and there seems to be some evidence tending to prove all of them. We can not review these findings, and where they are raised by the pleadings they must be sustained. The payment made by the defendant Elizabeth was by a cashier's check for $991.50, endorsed by her and collected by the plaintiff. There was evidence offered by defendant tending to show that the whole of this check was paid on the land she bought; while the plaintiff offered evidence tending to show that only $600 went on this land, and the balance, by agreement, was applied to the purchase of another tract of land bought by James Gorman, husband of defendant Elizabeth. The referee finds that it was all paid on the tract the defendant Elizabeth bought, and charges the plaintiff with the same. In this there is error, for the reason that it is in conflict with the allegations and admissions of the pleadings.

It seems singular that the defendant does not allege that she paid the plaintiff anything; and the only allegation as to any payment being made is in the complaint, which is as follows: "2. That in accordance with said contract, the said defendant Elizabeth A. Gorman paid to plaintiff the first payment of six hundred dollars, cash, but has failed and neglected to make payment of six hundred and fifty dollars due on the first day of December, 1895, or to comply with the terms of said contract, and that the said agreement has become forfeited, null and void, and of no effect." To this the defendant Elizabeth answers as follows: "2. That so much of article two of the complaint as alleges that the defendant Elizabeth A. Gorman paid the plaintiff the first pay-

TRIMMER *v.* GORMAN.

ment of six hundred dollars, and has failed and neglected ᵗo make the payment of six hundred and fifty dollars due December 1, 1895, and to comply with the terms of said contract, is true, and that the other allegation in said article, is denied."

While we can not review the findings of fact by the referee, we can not sustain this finding. This payment is not raised by the defendant's answer, but, as it seems to us, is contradicted by the admission in her answer. The plaintiff alleges that she made the first payment of $600 and failed to make the next payment of $650, and she admits that this is true. This was not only a failure to allege that she had paid plaintiff $991.50, but an admission that she had not.

This exception of plaintiff should have been sustained to the extent of reducing the payment from $991.50 to $600, and the account being thus corrected, it should be affirmed.

Error.