WACHOVIA BANK & TRUST COMPANY, AS TRUSTEE FOR CLAUDE F. DEAL, AND OTHERS UNDER THE WILL OF C. J. DEAL, v. CLAUDE F. DEAL AND WIFE, WINIFRED DEAL, AND ANY ISSUE BORN OR UNBORN OF CLAUDE F. DEAL, JAMES F. DEAL AND WIFE, NINA WHITE DEAL, MABEL DEAL AULL AND HUSBAND, W. B. AULL, ARTHUR L. DEAL (WIDOWER), CARLOTTA R. DEAL, AS EXECUTRIX AND SOLE DEVISEE UNDER THE WILL OF CLARENCE R. DEAL, TELLIE I. DEAL (WIDOW), WALTER A. DEAL AND WIFE, MARGARET B. DEAL, SILAS ARNOLD DEAL AND WIFE, KATHRYN DEAL, LOUISE DEAL MONROE AND HUSBAND, JAMES M. MONROE, ROY C. DEAL, AND LOUISE DEAL MONROE, AS SUCCESSOR TRUSTEE UNDER THE WILL OF SILAS A. DEAL, AND W. C. COUGHENOUR, JR., GUARDIAN AD LITEM FOR CLAUDE F. DEAL AND WIFE WINIFRED DEAL, AND ANY CHILD OR CHILDREN OF CLAUDE F. DEAL.

(Filed 24 September, 1947.)

1. **Wills § 39—**

    A petition by a trustee for advice and instruction of the court in the administration of a trust created by will is not strictly speaking an adversary action but is in the nature of a proceeding *in rem,* and plaintiff is entitled to the relief prayed, and therefore motion to nonsuit by any of defendant beneficiaries is not appropriate.

2. **Death § 1—**

    The presumption of death from seven years absence arises only upon proof that the absent person left his own place of residence without intelligence from or concerning him for the required period, and mere absence from a place where his relatives reside but which is not his own place of residence is insufficient to raise the presumption.

**3. Same—**

The presumption of death from seven years absence is rebuttable, and the jury should consider all facts and circumstances surrounding the absent person's disappearance which has any direct bearing upon his reason for leaving or the probability or improbability that there would have been a communication from him.

**4. Infants § 2—**

Where the property rights of minors are involved, the protection of these interests by the court is of more importance than the rigid enforcement of the rules relating to the preservation of objections and exceptions to the admission or exclusion of evidence.

**5. Wills § 39: Death § 1—**

Where, in an action for the advice and instruction of the courts in the administration of a trust created by will, the question for determination is the death of one of the beneficiaries under the presumption of death arising from seven years absence, the burden of proof upon the issue is upon the other beneficiaries who would benefit rather than upon the plaintiff trustee.

**6. Death § 1—**

The presumption of death arising from seven years absence raises no presumption that the absent person died without issue him surviving.

APPEAL by defendant W. C. Coughenour, guardian *ad litem*, from *Alley, J.,* at February Term, 1947, of ROWAN. New trial.

Petition by plaintiff trustee for advice and instruction in the administration of a trust estate created by will in which various defendants assert conflicting claims.

C. J. Deal died in December, 1921, leaving a last will and testament in which he devised his estate to plaintiff bank in trust for the use and benefit of his wife and children as therein set out, subject, however, to certain specific bequests.

The will in part provided that at the death of testator's wife the residue should be divided into six equal parts, and "One-sixth to be held in trust upon the following conditions: All income to be paid to my son, Claude F., during the term of his natural life, and at his death, if he leaves children alive and surviving him, the income to be paid to them, share and share alike, until each reaches the age of 21 years. As each reaches the age of 21 years, its part shall be paid to it in fee simple. If either shall die before reaching the age of 21 years, its part shall go to the others. If neither reaches the age of 21 years, said one-sixth shall revert to my estate. If my son, Claude F., dies leaving no children alive and surviving him, said one-sixth shall revert to my estate, and be divided as herein provided among my other children hereinbefore mentioned, or their heirs or representatives."

In 1923 Claude F. Deal and his wife left the community and he has not been heard from since by any of his collateral kin.

As other children of the testator were contending that he is dead and his estate held in trust by plaintiff should be distributed, the plaintiff instituted this action for advice and instructions. All interested parties were made parties defendant. The appellant was appointed guardian *ad litem* for Claude F. Deal and wife, Winifred Deal, and any child or children of Claude F. Deal. He filed answer denying the death of Claude F. Deal asserted by other defendants and praying that the plaintiff be instructed to continue the administration of said trust for the benefit of C. J. Deal during his life and then his children as set out in said will.

Issues were submitted to and answered by the jury as follows:

"1. Was the defendant, Claude F. Deal, dead at the time of the institution of this action on the 5th day of December 1946?

"Answer: Yes.

"2. If so, did the defendant die without child or children surviving him, or the issue of any deceased child?

"Answer: Yes.

"3. Did the said Claude F. Deal die without leaving child or children or the issue of any deceased child prior to the 23rd day of August 1945?

"Answer: Yes."

Thereupon the court entered judgment directing the plaintiff to make settlement of said trust estate under the limitation over contained in said devise. The defendant guardian *ad litem* excepted and appealed.

*Clarence Kluttz for defendant appellant, guardian ad litem.*

*Woodson & Woodson for defendant appellees James F. Deal and wife, Mabel Deal Aull and husband, and Arthur L. Deal.*

*Dwyer & Hennes and Hayden Clement for defendant appellee Carlotta R. Deal as Executrix and Sole Devisee.*

*D. A. Randleman for defendant appellees Tellie I. Deal, Walter A. Deal and Wife, Margaret B. Deal, Silas Arnold Deal and Wife, Kathryn Deal, Louise Deal Monroe and Husband, James M. Monroe, Roy C. Deal, and Louise Deal Monroe, as successor trustee under the will of Silas A. Deal.*

BARNHILL, J. It is to be noted in the beginning that while the jury found as a fact that Claude F. Deal is dead and that he left no child or children surviving, it is not so adjudged by the court below.

Strictly speaking, this is not an adversary action. It is a petition for advice and instruction in the administration of an estate in the nature

of an *in rem* proceeding. The plaintiff is entitled to the relief prayed whether Claude F. Deal is living or dead. Hence the motion of the guardian to dismiss as in case of nonsuit was properly overruled.

When in a judicial proceeding it is necessary to ascertain as a material fact whether a person is living or dead, the fact of death may be established by circumstantial evidence.

"The absence of a person from his domicile, without being heard from by those who would be expected to hear from him if living, raises a presumption of his death—*i.e.*, that he is dead at the end of seven years." *Carter v. Lilley, ante,* 435, and cited cases.

The mere absence of a person from a place where his relatives reside but which is not his own place of residence, without being heard from by them for a period of seven years, is not sufficient to create a presumption. 25 C. J. S., 1058-9. It is the proof of the continued and unexplained absence of a person from his home or place of residence without any intelligence from or concerning him for the required period which gives rise to the application of the rule. 16 A. J., 19; 25 C. J. S., 1057.

This rule of evidence is a procedural expedient sired by necessity and is based on the generally accepted fact that a normal person will not, if alive, remain from his home for seven years without communicating with family or friends. 16 A. J., 19.

The strength of this presumption varies with the circumstances; its force depends on the character of the person, his attachment to his home, and the circumstances under which he left. 25 C. J. S., 1056, 1061; 16 A. J., 21.

It follows that the presumption is rebuttable. *Chamblee v. Bank,* 211 N. C., 48, 188 S. E., 632; *Clark v. Homes,* 189 N. C., 703, 128 S. E., 20; *Trimmer v. Gorman,* 129 N. C., 161; 16 A. J., 21; 25 C. J. S., 1061.

Evidence tending to show the desire of the absent person to conceal his identity, the probability or improbability that there would have been a communication from him, that he was a fugitive from justice, or any other fact or circumstance surrounding his disappearance tending to support or rebut the presumption is admissible. 25 C. J. S., 1057; 16 A. J., 22; Anno. 44 A. L. R., 1488; 64 A. L. R., 1288.

When Deal left the community his wife left with him. Did he disappear or merely change his place of residence and establish a home elsewhere? Why did he leave? Under all the circumstances it is probable that he, if alive, would have communicated with his brothers and sisters or the trustee of the estate? These and like questions are to be considered by the jury in arriving at an answer to the first issue.

While it may be the appellant has not fully preserved his exceptions to the exclusion of tendered testimony respecting the circumstances under which Claude F. Deal left the community in which he had theretofore

lived, the interests of minors are involved and the proper administration of a trust estate is at stake. Protection of these interests is of more importance than the rigid enforcement of the rule.

The effect of the charge of the court on the second and third issues, to which exception is entered, was to place the burden of proof as to those issues on the plaintiff. In this there was error.

The appellees assert the death of Claude F. Deal and make claim to the trust estate. But they have no interest in the estate unless he died "leaving no children alive and surviving him." Only in that event are they the rightful claimants, and so the burden of proof rests upon them.

Furthermore, the proof of the death of Claude F. Deal raises no presumption that he died without lineal descendants. *University v. Harrison*, 90 N. C., 385; *Warner v. R. R.*, 94 N. C., 250. There must be evidence of that fact to support affirmative answers to the second and third issues.

For the reasons stated there must be a

New trial.