G. W. H. COSTNER, EDITH COSTNER FISTER, MAMIE COSTNER CROOK, AMBROSE COSTNER, JACK F. COSTNER, AND JAMES RAY COSTNER, JR., AND SALLIE ANN COSTNER, MINORS, CHILDREN OF JAMES RAY COSTNER, DECEASED, v. THE LUTHERAN CHILDREN'S HOME OF THE SOUTH, OF SALEM, VIRGINIA, THE OXFORD ORPHANAGE, OF OXFORD, NORTH CAROLINA, MRS. CORA M. CANSLER, AND MRS. BRYTE ROYSTER COSTNER.

(Filed 29 October, 1952.)

**1. Wills § 39: Appeal and Error § 50—**

Where, in an action to construe a will, it appears of record that infant plaintiffs who are necessary parties were not represented by a next friend, and that other parties having an interest in the *res* dependent upon the interpretation of the will, were not made parties, and that the person having possession of the personalty and who would have to account therefor in accordance with the judgment was also not a party, the cause must be remanded, since a full and final determination of the cause cannot be had until all interested parties are brought in and given an opportunity to be heard.

**2. Appeal and Error § 20a—**

A stipulation that orders whereby additional parties were made and other formal parts of the record need not be printed does not justify the assumption that any person not named in the caption was made a party.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Sink, J.,* April Term, 1952, LINCOLN. Remanded.

Civil action to try title to real and personal property.

The rights of the several parties to this action depend upon the construction of paragraphs four and five of the last will and testament of Thomas H. Cansler, particularly in respect to the time of vesting of the estates therein limited by way of remainder subject to the life estate of testator's widow.

The court below found the facts, made certain conclusions of law, and entered judgment in accord therewith. Plaintiffs excepted and appealed.

*Marvin T. Leatherman, A. L. Quickell, and William B. Webb for plaintiff appellants.*

*Hartsell & Hartsell, R. S. Kime, and Jonas & Jonas for defendant appellees.*

BARNHILL, J. James Ray Costner, Jr., and Sallie Ann Costner are infants and are necessary parties to this action. Their names appear in the caption as plaintiffs and the judgment recites that they are duly repre-

sented by their next friend, Lewis B. Carpenter. It is likewise so stipulated by counsel. Yet the record fails to disclose the appointment of a next friend. Although these infants are listed as plaintiffs, Lewis B. Carpenter filed an answer in their behalf as guardian *ad litem,* but they are not defendants and there has been no appointment of a guardian *ad litem. Latta v. Trustees,* 213 N.C. 462, 196 S.E. 862; *Trust Co. v. Deal,* 227 N.C. 691, 44 S.E. 2d 73.

If the remainder estates vested at the time of the death of the testator, as the court below concluded, J. Ray Costner was one of the remaindermen and his widow, Bryte Royster Costner, as one of his distributees, has an interest in the personal estate involved in this controversy. She is therefore a necessary party. Likewise, the widow of J. E. Cansler, brother of the testator, has an interest in the estate. There is no order in the record making either a party to this action. However, as the widow of J. E. Cansler appeared and answered, the defect as to her may have become immaterial.

Furthermore, it is alleged that one Betty Coon, executrix of the last will and testament of Lucy B. Cansler, widow of the testator, took possession of all the chattels devised by the testator to her testatrix and has, since the death of her testatrix, collected all the rents and profits from the real estate and the dividends on the stocks which formed a part of the estate of Thomas H. Cansler and which was devised and bequeathed to his widow for and during her natural life. Since the plaintiffs seek to have her account therefor, she is likewise a necessary party. It is true it is alleged that she is ready and willing to account for the same as the court may direct. But this does not meet the requirements of the law, for she will not be bound by any judgment in this action in the present state of the record.

The title to real property, as well as chattels and choses in action, is at issue. Infants, who apparently are not properly represented and who would not be precluded by any judgment entered, have an interest in the subject matter of the controversy. A full and final determination of the questions presented for decision cannot be had until and unless all interested parties are brought in and given an opportunity to be heard.

In view of the condition of the record as we interpret it, we deem it advisable to vacate the judgment entered and remand the cause for further proceedings accordant with this opinion. It must not be assumed, however, that this disposition of the appeal gives any indication that we approve or disapprove the conclusions of law made by the court below. We reserve decision on the legal questions posed for future consideration after the action is properly constituted.

We are not inadvertent to the stipulation "that . . . orders whereby additional parties were made and other purely formal parts of the record

need not be printed . . ." Even so, the names of the additional parties are not made to appear, and we may not assume that this has reference to any person not named in the caption.

Remanded.

WINBORNE, J., took no part in the consideration or decision of this case.