ALICE LUCILLE CRAVEN BRITT AND HUSBAND, OSSIE GERMAN BRITT, AND IDA LEOLA BEANE CRAVEN BRISTOW v. ARCHIE L. SMITH, TRUSTEE FOR PEOPLES SAVINGS AND LOAN ASSOCIATION; PEOPLES SAVINGS AND LOAN ASSOCIATION; JAMES I. FRAZIER AND WIFE, IRENE B. FRAZIER; C. T. BURGESS AND WIFE, ELIZABETH C. BURGESS; AND R. E. SILLMON AND WIFE, MILDRED J. SILLMON

No. 6919SC446

(Filed 17 September 1969)

1. **Pleadings § 42— motion to strike — voluntary nonsuit as to one defendant — allegations relating to such defendant**

   Where plaintiffs submitted to judgment of voluntary nonsuit as to one defendant prior to the trial, allegations relating to that defendant and transactions with him were properly stricken as irrelevant.

2. **Mortgages and Deeds of Trust § 40;   Pleadings § 42— action to set aside foreclosure — motion to strike pleadings**

   In this action to set aside a trustee's deed, the trial court did not err in striking from plaintiff's complaint allegations of business relationships among certain defendants which attempt by innuendo to associate those defendants in a conspiracy, a conclusion not supported by factual allegations that the trustee failed to advertise properly and legally the subject property, and an allegation that the trustee knew that the sale price was inadequate.

3. **Mortgages and Deeds of Trust § 40— setting aside foreclosure — inadequacy of purchase price**

   Inadequacy of price alone is not sufficient to set aside a trustee's deed.

4. **Mortgages and Deeds of Trust § 40;   Husband and Wife § 5— action to set aside foreclosure — deed of trust executed by married woman — allegations of "free trader"**

   In this action to set aside a trustee's deed and the deed of trust which was foreclosed, the trial court did not err in refusing to strike from defendants' answers allegations that because of a deed of separation plaintiff was a "free trader" when she executed the deed of trust, although that term no longer has legal significance, such characterization of plaintiff being, in effect, a shorthand description of her freedom to convey realty under G.S. 39-13.4.

5. **Pleadings § 32— motion to amend after trial has begun**

   A motion to amend after the beginning of trial is addressed to the discretion of the court and is not appealable.

6. **Mortgages and Deeds of Trust § 31— confirmation of sale — notice to trustor**

   In this action to set aside a trustee's deed, the trial court did not err in excluding evidence as to whether the clerk of court had notified plaintiffs of confirmation of the sale and in commenting that the clerk was under no obligation to do so, the evidence being irrelevant and the court's statement being appropriate since there is as a matter of law no duty to so notify the trustor.

**7. Mortgages and Deeds of Trust § 31— necessity for confirmation of foreclosure sale**

Where no upset bid is filed, confirmation of the sale is not required.

**8. Evidence § 45— opinion evidence as to value — foundation**

In this action to set aside a trustee's deed, the trial court did not err in the exclusion of opinion testimony as to the reasonable market value of the property, where proper foundation for such testimony was not laid by showing (1) that the witness was familiar with the property on which he professed to put a value, and (2) that he had such knowledge and experience as to enable him intelligently to place a value on it.

**9. Evidence § 25— exclusion of photographs — substantive evidence**

In this action to set aside a trustee's deed, the trial court did not err in the exclusion of a photograph offered "to show the premises and also other matters it might tend to show," where the photographs did not illustrate the testimony of any witness, photographs not being admissible as substantive evidence but only for illustrative purposes.

**10. Mortgages and Deeds of Trust § 40; Husband and Wife § 5— action to set aside foreclosure sale — deed of trust by married woman — sufficiency of evidence**

In this action to set aside a foreclosure sale and the underlying deed of trust, which had been executed by a married woman but not by her husband, the trial court properly allowed defendants' motions for non-suit where all the evidence showed that plaintiff wife and her husband had executed a deed of separation which was recorded prior to the execution of the deed of trust by the wife, that the deed of separation had not been cancelled pursuant to G.S. 39-13.4, that at least one payment was in default for over 30 days when foreclosure proceedings were instituted, that under the terms of the deed of trust the entire balance could be declared due and foreclosure had, and plaintiffs failed to show any legal defect in the foreclosure proceedings.

APPEAL by plaintiffs from *Crissman, J.,* at the 7 April 1969 Civil Session of RANDOLPH Superior Court.

Plaintiffs brought this action to set aside a trustee's deed and the deed of trust upon which the foreclosure sale was based; also for $2,000 for "illegal and unlawful activities" of the defendants. In their complaint, plaintiffs generally assert that the defendants "acting in conspiracy and concert have attempted to deprive these plaintiffs of their homeplace." The trustee and holder of the deed of trust, together with the grantees in the trustee's deed, are defendants on appeal. Garland W. Allen was an original defendant, but approximately one year prior to the trial, plaintiffs caused judgment of voluntary nonsuit to be entered as to him.

The evidence tended to show: On 20 July 1961, plaintiffs Lucille Britt and Ida Bristow, widow, executed the deed of trust in question

to defendant Archie L. Smith, trustee, said deed of trust being in favor of Peoples Savings and Loan Association (Association). The deed of trust was to secure a loan of $3,000 which was to be repaid at $29.50 a month and embraced lands owned by plaintiff Lucille Britt, subject to life estate of plaintiff Ida Bristow. On 13 August 1958, plaintiffs Ossie and Lucille Britt entered into a deed of separation, and there was intermittent separation and reconciliation during the period 1958 through 1961. On 26 October 1966, Mrs. Britt received notice of a decision by the Board of Directors of defendant Association made on 21 October 1966 to exercise its right under the terms of the deed of trust to declare the entire balance of the loan due and payable. On 24 October 1966, acting through an agent, Mrs. Britt tendered $59.00, but tender was refused by the Association because of the decision to accelerate payment. Considering the evidence in the light most favorable to the plaintiffs, however, on 21 October 1969 the payment due 10 September 1969 was over thirty days in arrears. It is unclear whether the August payment was wholly in arrears or only partially so. The notice from the Association to plaintiffs stated that "[t]his action is being taken as a result of previous experience." The previous experience was that on 5 September 1964 Trustee Smith advertised and conducted a sale because payment was three to five months in arrears. The sale was dismissed in a special proceeding when plaintiffs persuaded defendant Association to accept the payments in arrears.

After the decision of the Board of Directors on 21 October 1966 to exercise its right to declare the entire balance due, the matter was turned over to defendant Smith, trustee, for the purpose of foreclosing the deed of trust. Smith advertised as required by law and proceeded to conduct public sales, the first of which was held 25 November 1966; a resale was held on 27 December 1966 by virtue of a raised bid and pursuant to an order of resale entered by the Clerk of the Superior Court of Randolph County. On 11 January 1967, said clerk confirmed the highest bid received at the resale, and the trustee executed and delivered deed to the assignees of the purchaser.

At the close of the evidence, defendants' motion for judgment as of involuntary nonsuit was allowed and plaintiffs appealed.

*Ottway Burton for plaintiff appellants.*

*Smith & Casper by Charlie B. Casper for defendant appellees Archie L. Smith, trustee, and Peoples Savings and Loan Association.*

*H. Wade Yates for defendant appellees James I. Frazier, Irene B. Frazier, C. T. Burgess, Elizabeth C. Burgess, R. E. Sillmon and Mildred J. Sillmon.*

BRITT, J.

Plaintiffs' first assignment of error relates to the orders of the court allowing defendants' motion to strike certain allegations in the complaint. The portions of the complaint ordered stricken are summarized as follows:

1. (From paragraph 2 of the complaint.) Defendant Smith's law firm had been sole attorneys for defendant Association for twenty-two years and he is also the attorney for State Farm Mutual Automobile Insurance Company, "the largest automobile liability insurance carrier in the United States." Defendant James Frazier is a full-time insurance agent representing the aforesaid insurance company. Defendant C. T. Burgess is engaged in various business activities. Defendant R. E. Sillmon is a director in the Farmers Mutual Insurance Association. (Then followed allegations regarding the position and holdings of original defendant Allen.)

2. (From paragraph 8 of the complaint.) "[N]otwithstanding the failure of the defendant Archie L. Smith to properly and legally advertise as by law required to foreclose real estate under the laws of the State of North Carolina, if he had foreclosed with a legal and lawful deed of trust signed by all of the owners of the property * * *." (Then followed details of certain dealings between plaintiffs and original defendant Allen.)

3. (From paragraph 9 of the complaint.) The money paid by defendant purchasers came from defendant Allen's bank.

4. (From paragraph 10 of the complaint.) Knowledge on the part of defendant Smith that the sale price of plaintiffs' homeplace was less than one-fifth of its true value.

[1-3] Inasmuch as plaintiffs submitted to judgment of voluntary nonsuit as to defendant Allen prior to the trial, all allegations relating to Allen and transactions with him were clearly irrelevant and, therefore, were properly stricken. The allegations in paragraph 2 ordered stricken constituted a vague but futile attempt by plaintiffs to associate certain of the defendants in a conspiracy. It is not error for the court to require relevant facts rather than mere innuendos; a weak assertion of "conspiracy" does not abrogate the requirement of relevance. The first portion of paragraph 8 ordered stricken was clearly conclusory without any allegation as to how defendant Smith failed to properly and legally advertise the subject property. It was not error to strike the allegation that the trustee knew the sale price was inadequate, for the reason that such allegation was irrelevant. There is no duty on the trustee in a deed of

trust to obtain what the trustor considers an "adequate" price. Inadequacy of price alone is not sufficient to set aside the deed. *In Re Register,* 5 N.C. App. 29, 167 S.E. 2d 802; *Foust v. Loan Asso.,* 233 N.C. 35, 62 S.E. 2d 521; *Products Corp. v. Sanders,* 264 N.C. 234, 141 S.E. 2d 329. Plaintiffs' first assignment of error is overruled.

[4]    Plaintiffs assign as error the order denying their motion to strike from the answers the legal conclusion that "by virtue of said deed of separation agreement, the plaintiff Alice Lucille Craven Britt was a free trader on the 20th day of July 1961" when she executed the note and deed of trust. The term "free trader" is derived from practice under the old statutes before the 1965 rewriting of Chapter 52 of the General Statutes following the 1964 amendment to Article X, section 6 of the State Constitution. The former statute provided that "every woman who is living separate from her husband * * * under a deed of separation executed by said husband and wife * * * shall be deemed and held * * * a free trader, and may convey her real estate without the consent of her husband." G.S. 52-5 repealed and rewritten by section 1 of Chapter 878, N.C. Session Laws 1965. This allegation could have been stricken for irrelevance because the term is currently devoid of legal significance. Such an allegation is not prejudicial, however, because characterization of the plaintiff Lucille Britt as a "free trader" is, in effect, no more than a shorthand description of her freedom to convey realty under G.S. 39-13.4, which provides in part:

> "Any conveyance of real property, or any interest therein, by the husband or wife who have previously executed a valid and lawful deed of separation * * * shall be valid to pass such title as the husband or wife may have to his or her grantee, unless the deed of separation so recorded and registered * * * is cancelled of record by both parties * * * or unless an instrument in writing cancelling the deed of separation and properly executed and acknowledged by said husband and wife is recorded in the office of said register of deeds." (1959, c. 512)

The assignment of error is overruled.

[5]    When the case was called for trial, plaintiffs sought to amend the complaint to show that in the Summer of 1964 plaintiff Lucille Britt obtained the sum of $400.00 from her employer to pay to defendant Association in order to stop a foreclosure proceeding then in progress and that the only notation she saw as a result of this payment was that $147.00 was credited to her account. It is well settled in this jurisdiction that a motion to amend after the beginning of trial is addressed to the discretion of the trial court and

is not appealable. *Chappel v. Winslow*, 258 N.C. 617, 129 S.E. 2d 101 (1963). The assignment of error is overruled.

[6]    Plaintiffs assign as error several rulings sustaining objections to evidence offered by plaintiffs. In one instance, the court sustained the objection to the following question put to the clerk of court regarding the special proceeding in 1964 to dismiss the trustee's sale: "Was there any hearing set by you on what the fees and expenses were in that S. P. 1237?" The question was clearly irrelevant, as there is no duty on the clerk to hold such a hearing. Plaintiffs' counsel also asked the clerk, "Now, did you notify any of the plaintiffs in this lawsuit that confirmation was presented to you for signing?" The question was answered for the record, "No, sir," after which the court said, "And the court will add that he was under no obligation to do so." Plaintiffs assign as error both the exclusion of the evidence and the statement of the court. The question was irrelevant and the court's statement appropriate because there is as a matter of law no duty to so notify the trustor.

[7]    The foreclosure of deeds of trust is governed by statutes and there is no statutory duty for the trustee or the clerk of court to give notice of confirmation. There is no statute setting out the nature of a confirmation. The statute now provides that "[n]o confirmation of sales of real property made pursuant to this article shall be required except as provided * * * for resales. * * *" G.S. 45-21.29a (1 October 1967). Where no upset bid is filed, confirmation of the sale is not required. *Products Corp. v. Sanders, supra.* The court was correct to clarify this as a matter of law because of the implications following the question. Furthermore, since judgment of nonsuit was properly entered, the court's remark was harmless. The assignments of error relating to the exclusion of evidence are overruled.

[9]    The court refused to allow Ossie Boyd Britt (Lucille Britt's son) to testify as to the reasonable market value of the land. The witness had testified, "I have an opinion satisfactory to myself as to the reasonable market value of this property as of October 26, 1966." His whispered answer for the record was essentially the same valuation as that made by an earlier witness. To place into evidence a valuation requires a proper foundation. The minimal foundation is (1) that the witness is familiar with the thing on which the witness professes to put a value and (2) that he has such knowledge and experience as to enable him intelligently to place a value on it. Stansbury, N.C. Evidence 2d, § 128. The evidence was properly excluded for failure of the witness to qualify to give an opinion.

**[10]**    The court sustained defendants' objection to an attempt by plaintiffs to offer into evidence as exhibit "J" pictures taken by the witness "to show the premises and also other matters it might tend to show." Although a photograph may be admissible, it is admitted not as substantive evidence but only to illustrate and explain the witness' testimony. Stansbury, N.C. Evidence 2d, § 34. In the instant case, there was no testimony for the pictures to illustrate. The evidence was properly excluded.

**[11]**    The court did not err in granting defendants' motion for involuntary nonsuit interposed at the close of all the evidence and entering judgment accordingly. We deem it unnecessary to summarize all the testimony justifying nonsuit but will mention a few of the more important facts arising from the testimony.

Plaintiffs' own evidence disclosed that at least one payment was in default for a period of thirty days and that defendant Association was authorized under the terms of the deed of trust to declare the entire outstanding balance due and payable and to proceed with foreclosure. The foreclosure was not invalid for lack of a valid deed of trust; the evidence disclosed that plaintiffs Lucille Britt and her husband entered into a deed of separation in August of 1958, that the deed of separation was recorded a day or two after it was executed, and no cancellation of the agreement was effectuated as provided by G.S. 39-13.4 to indicate any change of status. Plaintiffs failed to show any legal defects in the foreclosure proceeding. Inadequacy of price alone is not a sufficient ground upon which to set aside a foreclosure sale. *Products Corp. v. Sanders, supra; Weir v. Weir,* 196 N.C. 268, 145 S.E. 281.

Plaintiff Lucille Britt's testimony disclosed that she received a copy of the notice of sale but did not attend the sale; that she arranged with original defendant Allen to raise the bid; that she saw the notice of resale published in the newspaper but did not attend the resale because she was depending on Mr. Allen to take care of it; that she raised no objection to either sale. Situations arise that justify the courts' intervening to see that justice is done between the parties, but the facts in this case do not warrant such intervention.

We have carefully considered each assignment of error brought forward and discussed in plaintiffs' brief, but finding them without merit, they are all overruled.

The judgment of the superior court is
Affirmed.

BROCK and VAUGHN, JJ., concur.