ALICE LUCILLE CRAVEN BRITT AND HUSBAND, OSSIE GERMAN BRITT, AND IDA LEOLA CRAVEN BRISTOW v. GARLAND W. ALLEN

No. 7219SC403

(Filed 28 June 1972)

Judgments § 40; Limitation of Actions § 12— failure to pay costs of prior action — same claim — dismissal of action

Although two actions brought by plaintiffs against defendant arose out of the same foreclosure sale, the second suit was not based upon the same claim as the first within the meaning of former G.S. 1-25 where the first action was to set aside a deed of trust on the ground that defendant and others acting in conspiracy and concert attempted to deprive plaintiffs of real property, and the second action was based on an alleged promise by defendant that he would purchase a portion of the realty to be sold at a foreclosure sale and that he would bid for plaintiffs at the foreclosure sale and prevent them from losing their homeplace; consequently, the trial court erred in dismissing the second action on the ground that plaintiffs had not paid the costs of the prior action at the time the second action was commenced.

APPEAL by plaintiffs from *McConnell, Judge,* 10 January 1972 Session of Superior Court held in RANDOLPH County.

For the events and proceedings that led to the present appeal by plaintiffs, see *Britt v. Smith,* 6 N.C. App. 117, 169 S.E. 2d 482 (1969) and *Britt v. Allen,* 12 N.C. App. 399, 183 S.E. 2d 303 (1971). In the case entitled *Britt v. Smith, supra* (which civil action was designated A 38478 in the office of the Clerk of Superior Court of Randolph County), the parties plaintiff were the same as in the present case and Garland W. Allen was a party defendant; however, in a judgment dated 29 April 1968 and signed by Judge Robert M. Martin, the plaintiffs were

"nonsuited" and the action was dismissed as to the defendant Allen. The present civil action was instituted against the defendant Allen on 25 April 1969. On 7 December 1971, defendant moved for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure on the grounds that the costs of the prior action (A 38478) had not been paid prior to institution of the second action.

After due notice to plaintiffs, a hearing was had upon this motion, and in a judgment dated 10 January 1972, Judge McConnell made the following findings, conclusions and order:

"And the defendant upon this evidence having moved for summary judgment in open court before the undersigned Judge Presiding; and

The plaintiffs being duly represented by their counsel of record, Ottway Burton, Esquire, having offered oral testimony and having offered argument opposing said motion for summary judgment and all parties having been duly heard in open court before the undersigned Judge Presiding, this Court finds from the evidence presented the following facts and conclusions of law:

1. This civil action and the civil action designated A 38478 constitute the same cause of action insofar as the defendant Garland W. Allen is concerned.

2. At the time this civil action was commenced on the 25th day of April, 1969, a judgment of nonsuit had been entered before the Honorable Robert M. Martin, Judge Presiding at the April 29, 1968 Session of Superior Court of Randolph County, as to the defendant Garland W. Allen.

3. At the time this civil action was commenced, the costs in the civil action designated A 38478 were unpaid, and said costs were not paid until September 20, 1971, as appears from Exhibit 6 as offered by the defendant.

This civil action should be dismissed for nonpayment of costs in accordance with Section 1-25 of the General Statutes of North Carolina.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that this civil action be, and the same is hereby dismissed with prejudice and that the plaintiffs be taxed with the costs of this civil action as charged by the Clerk."

From the foregoing judgment, the plaintiffs appealed to the Court of Appeals.

*Ottway Burton for plaintiff appellants.*

*Moser & Moser by Thad T. Moser for defendant appellee.*

MALLARD, Chief Judge.

The judgment appealed from must be reversed. The civil action designated A 38478 and reported in 6 N.C. App. 117 appears to have been an action to set aside a deed of trust on the grounds that the defendant Allen and others "acting in conspiracy and concert" attempted to deprive the plaintiffs of the real property involved in these lawsuits. In the complaint filed 25 April 1969, it is alleged that the defendant Allen "promised" the plaintiffs that he would purchase a portion of the realty to be sold at foreclosure sale, that he would bid for them at said foreclosure sale and prevent them from losing their "homeplace," and that he made other statements causing the plaintiffs to rely upon the defendant's "promise" to their detriment, causing them damage in the amount of $30,000.

Despite the fact that the two suits. by these plaintiffs against the defendant Allen grew out of the same foreclosure sale, we hold that the second action is not based upon the same claim as the first, within the meaning of the applicable statute. Therefore, the judgment in the superior court is reversed.

Reversed.

Judges CAMPBELL and BROCK concur.