LINDA·M. PASSMORE v. SHIRLEY COLSTON WOODARD AND WIFE, MAVIS
ODELL WOODARD

No. 7713DC782

(Filed 15 August 1978)

1. **Vendor and Purchaser § 5.1— option contract—inability of vendors to convey clear title**

    The trial court did not err in concluding that plaintiff was not entitled to specific performance or partial specific performance of an option contract where the court found that defendants were unable to convey clear title to plaintiff because the land subject to the option was encumbered by a mortgage and a lappage, and no evidence was presented from which the trial court could have determined a proper reduction in the purchase price or from which the court could have assessed damages had the contract been affirmed.

2. **Rules of Civil Procedure § 41— nonjury trial—motion for dismissal**

    In a trial by the court without a jury, the judge is not compelled to find facts and pass upon a motion for dismissal at the close of plaintiff's evidence but may decline to render any judgment until all of the evidence is in, and, except in the clearest cases, he should follow that procedure.

3. **Evidence § 45— testimony as to value—foundation**

    The trial court properly refused to admit testimony by the male defendant with respect to "the value of improvements, or lack of value of alleged improvements" made by plaintiff to the property in question where no foundation was laid for the testimony by showing that the witness was familiar with the property on which he professed to put a value and that he possessed sufficient knowledge and experience intelligently to value it.

4. **Husband and Wife § 3— agency of husband for wife**

    Agency of the husband for his wife may be shown by evidence of facts and circumstances which support a reasonable inference that he was authorized to act for her, and the wife's retention of benefits from a contract negotiated by the husband is a factual circumstance giving rise to such an inference.

5. **Betterments § 3; Vendor and Purchaser § 8— option contract—inability to convey clear title—recovery of payments under option—betterments**

    Where defendant vendors were unable to convey to plaintiff clear title to land pursuant to an option contract, the trial court properly ruled that plaintiff was entitled to recover the $7,500 which she had paid under the option agreement; however, the trial court erred in awarding plaintiff $5,000 for betterments where the court found that plaintiff had spent $5,000 for work and improvements necessary to ready the land for her intended use, but the court made no finding with respect to the extent that improvements made by plaintiff enhanced the value of the land, and the cause must be remanded for a new trial to determine the amount that the improvements made by plaintiff enhanced the value of the land.

APPEAL by defendants and cross appeal by plaintiff from *Wood, Judge*. Judgment entered 28 April 1977 in District Court, BRUNSWICK County. Heard in the Court of Appeals 21 June 1978.

In this action plaintiff seeks specific performance or partial specific performance by defendants of an option agreement to sell certain real property to plaintiff or, in the alternative, damages in the form of reimbursement of all sums paid by plaintiff pursuant to the agreement plus $5,000 for improvements made to the property by plaintiff.

In their answer defendants admitted executing the option agreement but alleged that plaintiff had never tendered to them the purchase price prior to the expiration date of the option.

Jury trial was waived and evidence presented by plaintiff is summarized in pertinent part as follows:

In July 1975 plaintiff and defendants entered into a six months' option agreement providing that upon receipt of $500 from plaintiff, plus $250 per month during the term of the option, defendants would grant to plaintiff the right to purchase an 81.9 acre farm from them for $25,000; that the option could be renewed for a period of six months by plaintiff's payment of $5,000 plus continued $250 monthly payments; that all payments made pursuant to the option agreement were to be applied to the purchase price should plaintiff elect to purchase the property; and that defendants would deliver to plaintiff a warranty deed conveying clear title to the property upon plaintiff's tender of the remainder of the purchase price anytime during the option term.

Plaintiff made the intitial $500 payment, all of the monthly payments through July 1976 and the renewal payment in January 1976; however, plaintiff gave the last two $250 checks to the closing attorney as trustee because she had become aware at that time of two clouds on defendants' title to the property, one being an outstanding mortgage on the property and the other being a claim by adverse possession on approximately 16 acres of the land. Plaintiff also gave to the closing attorney as trustee a check for the balance of the purchase price.

Upon the receipt of each of the payments the closing attorney notified defendants. Two days before expiration of the option agreement, he had defendants come to his office where he

tendered to them the checks in exchange for a warranty deed to the property, free from all encumbrances. Defendants were unable to deliver a deed to the entire tract free from encumbrances and refused to adjust the purchase price and convey to plaintiff that portion of the tract to which they could give clear title by paying off the mortgage.

Defendants did agree to allow the closing attorney some additional time to clear up the title problem, but one week later they informed him that they no longer felt obligated to comply with the terms of the option.

Plaintiff paid a total of $7,750 to defendants under the agreement and expended, with defendants' knowledge and consent, $5,000 in clearing part of the land and renovating a house on the property.

Defendants' evidence tended to show that they had informed plaintiff of the mortgage on the property prior to execution of the option contract; and that the closing attorney had never tendered to them the balance of the purchase price but had attempted to pay them a lower purchase price than agreed upon. They attempted to introduce opinion testimony regarding the value of the improvements made to the property by plaintiff but that testimony was excluded by the court.

The court made extensive findings of fact, primarily as contended by plaintiff. The court found that plaintiff had fully performed her obligations under the agreement, had made a good and sufficient tender of the balance of the purchase price to defendants and, with the knowledge and consent of defendants, had expended $5,000 on improvements necessary for her intended use of the property.

The court concluded as a matter of law that plaintiff was not entitled to specific performance of the option agreement, but that she was entitled to recover the sums paid by her to defendants under the agreement and the value of the improvements made by her to the betterment of defendants' land.

The court adjudged that plaintiff recover of defendants the sum of $7,750, representing the payments made to them under the agreement, and also recover $5,000, representing the value of improvements made by plaintiff to the land.

Defendants appealed from the award of judgment against them for the amounts aforesaid and plaintiff cross appealed from the denial of the court to grant specific performance.

*Frederick D. Anderson for plaintiff appellee.*

*Ray H. Walton and Elva L. Jess for defendant appellants.*

BRITT, Judge.

## PLAINTIFF'S CROSS APPEAL

[1] Plaintiff contends the trial court erred in concluding as a matter of law that she was not entitled to specific performance of the option agreement. We find no merit in this contention.

An option is not itself a contract to sell but is transformed into such a contract upon acceptance by the optionee in accordance with its terms. The contract then becomes specifically enforceable if it is otherwise a proper subject for such equitable relief. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976); *Byrd v. Freeman*, 252 N.C. 724, 114 S.E. 2d 715 (1960). However, "[s]pecific performance does not follow as a matter of course merely from the establishment of the existence and validity of the contract involved, even though the contract is one in which the remedy is apposite. . . ." 12 Strong's N.C. Index 3d, Specific Performance § 1, pp. 8-9.

In the instant case the court found that defendants were unable to convey good title to plaintiff as the land subject to the option was encumbered by a mortgage and a lappage. "Specific performance of a contract to convey land will not be decreed when the vendor cannot make a good title to the land sold, or when his title thereto is doubtful, *Trimmer v. Gorman*, 129 N.C., 161, 39 S.E., 804; *Triplett v. Williams*, 149 N.C., 394, 63 S.E., 79; 24 L.R.A., 514, and *Thompson v. Power Co.*, 158 N.C., 587, 73 S.E., 888. . . ." *Park, Inc. v. Brinn*, 223 N.C. 502, 514, 27 S.E. 2d 548 (1943).

A purchaser may elect to take whatever title and quantity of land the vendor is able to convey and seek damages for any deficiency in his estate. *Goldstein v. Trust Co.*, 241 N.C. 583, 86 S.E. 2d 84 (1955); *Emerson v. Carras*, 33 N.C. App. 91, 234 S.E. 2d 642 (1977). However, a purchaser may not specifically enforce a con-

tract in a method different from that which the contract specifies. *Development Corp. v. Woodall*, 21 N.C. App. 567, 205 S.E. 2d 592 (1974). *See also McLean v. Keith*, 236 N.C. 59, 72 S.E. 2d 44 (1952), 13 Strong's N.C. Index 3d, Vendor and Purchaser § 5, p. 254.

Plaintiff did not elect to affirm the contract but chose instead to seek partial specific performance of it and demanded reduction in. the purchase price. She is not entitled to have the court rewrite the contract made by her with defendants. The record discloses no evidence from which the trier of fact could have determined a proper reduction in the purchase price or from which he might have assessed damages had the contract been affirmed.

We hold that in the absence of such evidence the trial judge properly denied specific performance.

### DEFENDANTS' APPEAL

Defendants contend first that the trial court erred in denying their motion for dismissal made at the close of plaintiff's evidence. This contention has no merit.

G.S. 1A-1, Rule 41(b), provides in pertinent part:

> . . . After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). . . .

[2] In a trial by the court without a jury, the judge is not compelled to find facts and pass upon a motion for dismissal at the close of plaintiff's evidence. He may decline to render any judgment until all of the evidence is in, and, except in the clearest cases, he should follow that procedure. *Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1973).

[3] Defendants contend next that the court erred in refusing to admit testimony by the male defendant with respect to "the value of improvements, or lack of value of alleged improvements" made by plaintiff to the subject property. This contention has no merit.

At the time the trial judge refused to admit the testimony in question, he stated that the witness had not laid a proper foundation for the testimony. We think the testimony was properly excluded and for the reason stated by the trial judge. To place valuation testimony into evidence requires a proper foundation. At the minimum it must be shown that the witness is familiar with the thing on which he professes to put a value and that he possesses sufficient knowledge and experience to intelligently value it. *Britt v. Smith*, 6 N.C. App. 117, 169 S.E. 2d 482 (1969). Defendants failed to lay a foundation for the introduction of their valuation testimony.

Defendants contend the court erred in its finding of fact No. 11 for the reason the finding is not supported by the evidence. We find no merit in this contention.

The challenged finding relates primarily to conversations and transactions between the closing attorney and "defendant<u>s</u>" a short while before the option period expired. Defendants argue that the evidence does not show that the feme defendant engaged in any conversation or transaction with the closing attorney on or about that date.

Technically, defendants' argument is correct but finding No. 11 has to be considered in its relation to and as a part of the other findings of fact. In finding No. 15, to which defendants do not except, the court found that all times germane to this action, the male defendant was acting as agent for, and in concert with, the feme defendant who enjoyed the benefits derived from all payments made by plaintiff under the option agreement.

[4] Agency of the husband for his wife may be shown by evidence of facts and circumstances which authorize a reasonable inference that he was authorized to act for her. *Lawing v. Jaynes*, 20 N.C. App. 528, 202 S.E. 2d 334, *rev. on other grounds* 285 N.C. 418, 206 S.E. 2d 162 (1974). The wife's retention of benefits from a contract negotiated by the husband is a factual circumstance giving rise to such an inference. *Norburn v. Mackie*, 262 N.C. 16, 136

S.E. 2d 279 (1964). Notice to and knowledge of an authorized agent is imputed to the principal even though the agent does not inform the principal thereof. 10 Strong's N.C. Index 3d, Principal and Agent § 8. But the record in this case is replete with evidence that the feme defendant received notice that the closing attorney held plaintiff's checks for defendants and that plaintiff was demanding delivery of a warranty deed from them.

Defendants contend the court erred in its findings of fact Nos. 16, 17 and 18 for the reason that said findings are not supported by the evidence. Suffice it to say, we have carefully reviewed the record and conclude that the findings are supported by the evidence.

Defendants contend that the court erred in entering the judgment awarding monetary damages to plaintiff for the reason that "plaintiff's evidence and all the evidence established as a matter of law that the plaintiff was not entitled to the relief demanded". They also contend that the findings of fact were not sufficient to support the conclusion of law "that plaintiff is entitled to recover the monies paid by her to defendants under the option contract and the value of the improvements made by her to the betterment of defendants' land".

[5] We hold that the trial court did not err in entering judgment in favor of plaintiff against defendants for $7,750, the sums paid by plaintiff under the option agreement. The record clearly shows that defendants' title as to part of the land was in doubt. "If the vendor at the time fixed for conveyance is unable to convey the title stipulated for or implied by law, the vendee, if himself, ready, able, and willing to perform, may ordinarily elect to rescind and recover back amounts paid on the contract." 77 Am. Jur. 2d, Vendor and Purchaser § 505, p. 632.

But we hold that the trial court did err in awarding plaintiff judgment for $5,000 purportedly representing "the value of improvements made by Plaintiff to the land owned by Defendants, all to the betterment thereof."

While we have been unable to locate authority directly in point, we think the situation in *Carter v. Carter*, 182 N.C. 186, 108 S.E. 765 (1921), is analogous. In that case, the plaintiff entered upon the lands in question under a parol contract to convey. The

owner refused to comply with the contract and pled the statute of frauds. The court restated the principle that in such cases the plaintiff is entitled to recover not only the purchase price paid by him, "but compensation for his improvements to the extent *that they have enhanced the value* of the land". (Emphasis added.) Numerous cases are cited in *Carter* in support of the quoted principle.

Although defendants in the case at hand did not refuse absolutely to comply with their agreement as was the case in *Carter*, they in effect did so when they refused to work with plaintiff in removing the clouds from their title or in adjusting the purchase price to allow for the claim of a third party to the 16 acres in dispute.

It is true that the trial court concluded as a matter of law that plaintiff was entitled to recover "the value of the improvements made by her to the betterment of Defendants' land" but this conclusion is not supported by a finding of fact. The finding that comes closest to supporting the conclusion is No. 18 which reads as follows:

> 18. That during the term of the option period, Plaintiff and her husband made and performed various work and improvements *necessary to ready for their intended use* the land owned by Defendants and the subject of said option contract, all with the knowledge and consent of Defendants; and that Plaintiff and her husband expended the sum of five thousand ($5,000.00) dollars therefor. (Emphasis ours.)

Thus it is clear that the trial court found that plaintiff spent $5,000 for work done on the land but never made any finding with respect to the extent that improvements made by plaintiff enhanced the value of the land. The increase in value of the land, rather than the sum of money expended is the proper measure of damages for these improvements. *Carter, supra.* For that reason, we hold that the part of the judgment awarding plaintiff $5,000 should be, and the same hereby is, set aside; and this cause is remanded to the district court for a new trial solely for the purpose of determining the amount that the improvements made by plaintiff enhanced the value of the land and entry of judgment based on that determination.

Affirmed in part, reversed in part and cause remanded.

Judges ARNOLD and ERWIN concur.